Argued and submitted October 20, 2011, on appeal, reversed and remanded for
an award of reasonable attorney fees to plaintiff; affirmed on cross-appeal
February 29, 2012

Deandrae BARBER, Sr.,
*Plaintiff-Appellant
Cross-Respondent,*

*v.*

Corey GREEN,
*Defendant-Respondent,*
*and*

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,
an Illinois corporation,
*Defendant-Respondent
Cross-Appellant.*

Multnomah County Circuit Court
100506481; A147678

273 P3d 294

Willard E. Merkel argued the cause for appellant - cross-respondent. With him on the briefs was Merkel & Associates.

Aaron Denton argued the cause for respondents and cross-appellant. With him on the briefs was Prange Law Group, LLC.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

This case is about attorney fees in an action brought to enforce the terms of an insurance settlement agreement on a personal injury claim. The case turns on whether plaintiff or defendant Allstate Property and Casualty Insurance Company (Allstate), or both, were the prevailing party. We conclude that plaintiff is the prevailing party, that she was entitled to attorney fees under ORS 20.082, and that the circuit court abused its discretion in not awarding plaintiff those fees.

Plaintiff alleged that she was injured in an automobile accident caused by defendant Green. Allstate, Green's insurer, offered plaintiff $3,500 to settle plaintiff's claim, "exclusive of the PIP claims," meaning—in Allstate's view—that Allstate agreed to separately resolve plaintiff's auto insurer's PIP lien. Plaintiff accepted Allstate's offer, and Allstate sent plaintiff's attorney a letter and a release. The letter stated, "the PIP subrogation will be resolved directly with [plaintiff's] insurance carrier." The release included this paragraph:

"With the exception of any PIP lien held by plaintiff's insurer and related to the Accident, plaintiff agrees to hold Defendants harmless, reimburse, and indemnify Defendants from any other medical bills, known or unknown, and liens of any third parties, including but not limited to any health insurance liens by any insurance company, workers' compensation liens, or any additional liens related to the Accident. Plaintiff further agrees to assume the responsibility of assuring that all medical bills [s]he incurred and all statutory liens, whether known or unknown, are paid and fully satisfied."

Plaintiff took the letter and release to mean that the $3,500 would be a complete settlement, *not* exclusive of plaintiff's PIP claim. Defendant's agent agreed that the release should have been exclusive of PIP but was not, stating in a declaration,

"I agreed with [plaintiff's counsel] that the release was to be exclusive of PIP. This fact is reflected in my letter dated February 15, 2010. Even though *the enclosed form release indicates that the settlement was inclusive of PIP,*

Allstate would have accepted a signed, interlineated agreement, or a revised agreement to clarify that the release was exclusive of PIP."

(Emphasis added.)

After giving notice under ORS 20.082, plaintiff filed this action.[1] Plaintiff's first claim for relief was a tort claim against Green for damages resulting from the accident. In her second claim for relief, plaintiff alleged that Allstate had breached the settlement agreement by not paying her $3,500. Plaintiff sought damages of $3,500 in the amount of the settlement and "consequential damages" of $4,000.

Allstate filed a counterclaim alleging that Allstate and plaintiff had entered into a contract to settle plaintiff's personal injury claim "as alleged by plaintiff herein for $3,500, exclusive of PIP, in return for a full and final release of all claims." Allstate alleged that it had at all times been willing and able to conclude the parties' settlement agreement but that plaintiff breached that agreement by failing to accept Allstate's payment of $3,500 in return for providing a full and final release of all claims. Allstate sought specific performance of the settlement agreement, including acceptance of the $3,500 settlement payment, signing of "a full and final release of all claims," and dismissal of the lawsuit with prejudice.

The case was referred to mandatory court-annexed arbitration. ORS 36.400. The arbitrator's award stated:

"The claims of the parties have been resolved as follows:

"For plaintiff on her Second Claim for Relief. Plaintiff's First Claim for Relief is moot.

"For defendants on their Counterclaims.

"The plaintiff is awarded pre-judgment interest in the sum of $236.00.

---

[1] At this point, if not sooner, the parties knew that there was a misunderstanding about the scope of defendant's settlement offer. The record does not reveal, and we are at a loss to understand, why the parties chose to resolve this misunderstanding with litigation that has, so far, lasted over two years and cost the parties over $10,000 in attorney fees, instead of resolving it with a five-minute telephone call.

"Defendants shall deliver a properly worded Release to plaintiff's counsel within 30 days of the date that this Award is filed with the Court. At the same time, defendant Allstate shall deliver to its attorneys a check in the full sum of the net proceeds set forth in this Arbitrator's Award. The Release shall make clear that defendant Allstate shall be responsible for reimbursing plaintiff's PIP payments from plaintiff's own insurance company.

"Within 7 days of delivery of a properly worded Release, plaintiff's counsel shall make arrangements to have a simultaneous exchange of the signed Release and the Allstate check at the offices of defendants' counsel.

"Plaintiff shall be deemed the prevailing party on the Second Claim for Relief and shall be awarded costs, disbursements and reasonable attorney fees.

"Defendants shall be deemed the prevailing party on their Counterclaim and shall be awarded costs, disbursements and reasonable attorney fees."

The arbitrator's award included an "award amount" of $3,500, and "pre-award interest" of $236. The arbitrator did not award a separate amount for consequential damages. The arbitrator awarded both plaintiff and Allstate attorney fees in the amount of $5,000.

Both parties filed exceptions in the circuit court, pursuant to ORS 36.425(6),[2] challenging the attorney fee

---

[2] ORS 36.425(6) provides:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. Any party opposing the exceptions must file a written response with the court and serve a copy of the response on the party filing the exceptions. Filing and service of the response must be made within seven days after the service of the exceptions on the responding party. A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs. If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

awards. The circuit court upheld the arbitrator's determinations as to the prevailing parties, but denied attorney fees to both parties.[3] Plaintiff appeals, contending that she alone was the prevailing party and was entitled to fees under ORS 20.082. Allstate cross-appeals, contending that Allstate alone was the prevailing party and was entitled to fees under ORS 20.082. In the alternative, Allstate contends that plaintiff's exceptions were untimely.

We address first Allstate's alternative contention that plaintiff's filing of exceptions to the arbitrator's award was untimely. Under ORS 36.425(6), a party may file exceptions to an arbitrator's decision directed solely to the award or denial of attorney fees. The exceptions must be filed "within seven days after the filing of a decision." ORCP 10 C provides that,

"[e]xcept for service of summons, whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other paper upon such party and the notice or paper is served by mail, 3 days shall be added to the prescribed period."

In *Harvey v. Christie*, 237 Or App 237, 239 P3d 279 (2010), we held that ORCP 10 C applies to filings made under ORS 36.425, and that when an arbitrator's decision is served by mail, ORCP 10 C requires that three days be added to the time in which the plaintiff is required to file a notice of appeal and request for trial *de novo* under ORS 36.425(2). 237 Or App at 243-44. We reach the same conclusion with respect to

---

[3] The court explained its decision to award no fees:

"As to the award of attorney fees, neither the arbitrator's decision to reduce the fees sought by defendant from $9,594 to $5,000 nor the arbitrator's decision to reduce the fees sought by plaintiff from $6,810 to $5,000 are supported by the record. It is impossible to determine the basis upon which the arbitrator reached the decision that these fee awards were reasonable.

"After hearing argument from counsel, reviewing the court file, and considering the standards set out in ORS 20.075, the court concludes that the joint unreasonableness of the parties in turning a minor dispute about the language of a release into many months, and more than $15,000 in fees, makes the only reasonable award no award at all.

"The court therefore awards nothing in attorney fees to the plaintiff and nothing in attorney fees to the defendant. The court hopes that these awards (or lack there of) will serve to discourage the kind of litigation conducted in this matter."

the filing of exceptions under ORS 36.425(6). In this case, the arbitrator's decision was served by mail; therefore, plaintiff was entitled to three additional days in which to file a notice of appeal, and she did so within that time.

We turn, then, to the question of the parties' entitlement to attorney fees. As noted, the circuit court upheld the arbitrator's determination that each party had prevailed on its claim, but overturned the arbitrator's award of attorney fees. We review the circuit court's legal determinations with respect to entitlement to attorney fees for errors of law. *Koster Remodeling & Construction, Inc. v. Jataka*, 155 Or App 142, 145, 963 P2d 726 (1998). If attorney fees are authorized or required, we review the trial court's award (or lack thereof) for an abuse of discretion. ORS 20.075(3).

When a claim is based on a contract that does not contain a provision for attorney fees, and the amount owing on the contract is $10,000 or less, ORS 20.082(2)[4] provides that the court "shall allow reasonable attorney fees to the prevailing party." ORS 20.077(2) defines the prevailing party

---

[4] ORS 20.082 provides, in part:

"(1) As used in this section, 'contract' includes:

"(a) Express contracts;

"(b) Implied contracts; and

"(c) Instruments or documents evidencing a debt.

"(2) Except as provided in this section, a court shall allow reasonable attorney fees to the prevailing party on any claim based on contract if:

"(a) The amount of the principal together with interest due on the contract at the time the claim is filed is $10,000 or less; and

"(b) The contract does not contain a clause that authorizes or requires the award of attorney fees.

"(3) Attorney fees may not be awarded to a plaintiff under the provisions of this section unless written demand for payment of the claim was made on the defendant not less than 20 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 20 days after the transfer of the action under ORS 46.461. The failure of a plaintiff to give notice under the provisions of this subsection does not affect the ability of a defendant to claim attorney fees under the provisions of this section.

"(4) Attorney fees may not be awarded to a plaintiff under the provisions of this section if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 20 days after the transfer of the action under ORS 46.461, an amount not less than the amount awarded to the plaintiff."

as "the party who receives a favorable judgment or arbitration award on the claim." If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator is required to:

"a.  Identify each party that prevails on a claim for which attorney fees could be awarded;

"b.  Decide whether or not to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;

"c.  Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees[.]"

Plaintiff contends that she was the sole prevailing party under ORS 20.077 and that ORS 20.082 requires that she be awarded her attorney fees. Allstate makes the same contention with regard to itself.

Plaintiff is correct that she was the sole prevailing party in the arbitration. Plaintiff's breach of contract claim alleged that plaintiff and Allstate had entered into a settlement agreement under which Allstate would pay plaintiff $3,500 and reimburse plaintiff's insurer on its PIP lien, and that Allstate breached the agreement by refusing to pay the amount of the settlement. The arbitrator determined that plaintiff had prevailed on her breach of contract claim, awarded her $3,500, and required Allstate to provide a "properly worded Release" that "shall make clear that defendant Allstate shall be responsible for reimbursing plaintiff's PIP payments from plaintiff's own insurance company." Thus, plaintiff received relief under her claim.

In its counterclaim, Allstate alleged that plaintiff had breached the agreement "by failing to accept Allstate's payment of $3,500 in return for providing a full and final release of all claims." Allstate sought specific performance of the agreement, including plaintiff's "signing a full and final release of all claims." In light of the arbitrator's determination that Allstate had breached the settlement agreement and the arbitrator's requirement that Allstate provide a properly worded release, the arbitrator must have determined that the original release provided by Allstate was not

in accordance with the parties' agreement. It is true, as Allstate contends, that plaintiff did not recover the compensatory damages that she sought in her claim, but she did recover her damages—the settlement amount of $3,500—and also succeeded in requiring Allstate to provide a release that was consistent with her understanding of the parties' agreement. Thus, plaintiff did prevail on her breach of contract claim. Contrary to the arbitrator's and the circuit court's conclusion, Allstate did not prevail; it was required to pay plaintiff the settlement amount with interest, and modify the release so that it was consistent with plaintiff's view of the parties' agreement.

As the prevailing party on her breach of contract claim, plaintiff was entitled to her attorney fees. ORS 20.082(2) ("a court shall allow reasonable attorney fees to the prevailing party on any claim based on contract"). Attorney fees under that provision are mandatory. However, ORS 20.082(4) provides:

> "Attorney fees may not be awarded to a plaintiff under the provisions of this section if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 20 days after the transfer of the action under ORS 46.461, an amount not less than the amount awarded to the plaintiff."

Allstate contends that attorney fees can not be awarded in this case because, before the commencement of the action, Allstate tendered to plaintiff an amount not less than the amount awarded to plaintiff, $3,500, as provided in ORS 20.082(4), and plaintiff's recovery in arbitration did not exceed that amount. However, ORS 20.082(4) provides that the court must have made a *finding* that the tender was made. Here, there has been no finding that Allstate made the required tender. Additionally, the Supreme Court has said that, for purposes of the analogous statute relating to attorney fees in small tort claims, ORS 20.080,[5] "tender" means an

---

[5] ORS 20.080(1) provides:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for

offer of payment that is coupled either with no conditions or only with conditions upon which the tendering party has a right to insist. *Fresk v. Kraemer*, 337 Or 513, 99 P3d 282 (2004). We conclude that the same definition of the term "tender" is applicable in the context of ORS 20.082(4). Any tender by Allstate was contingent upon plaintiff signing a release that the arbitrator had implicitly determined was not consistent with the parties' agreement. Thus, we reject Allstate's contention that no fees are required under ORS 20.082 because Allstate made the required tender.

Finally, we address whether the circuit court abused its discretion in awarding no fees to plaintiff.[6] When attorney fees to the prevailing party are mandatory, as is the case under ORS 20.082, the circuit court must consider the factors set out in ORS 20.075 in determining the amount of the fees, but it does not have the discretion to award no fees at all. *See Lemargie v. Johnson*, 212 Or App 451, 455, 157 P3d 1284 (2007) (where attorney fees are mandated by statute, denial of fees is abuse of discretion). We conclude that the circuit court erred in making no fee award to plaintiff.

On appeal, reversed and remanded for an award of reasonable attorney fees to plaintiff; affirmed on cross-appeal.

---

the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

[6] ORS 20.075 provides:

"In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion."