Argued and submitted May 8, 2012, affirmed August 21, 2013

QUICK COLLECT, INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

Brian Patrick HIGGINS,
*Defendant-Respondent.*

Multnomah County Circuit Court
100506548; A149114

308 P3d 1089

Willard Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Kenneth E. Kahn II argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Hadlock, Judge, and Edmonds, Senior Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

In this appeal, plaintiff challenges the trial court's denial of plaintiff's exceptions to an arbitrator's award of attorney fees to defendant, contending that defendant's fee petition was fatally defective or, alternatively, that defendant was awarded fees for noncompensable work. We affirm, concluding that plaintiff did not preserve its argument that the fee petition was fatally defective, and that the trial court did not abuse its discretion in denying plaintiff's exceptions under ORS 36.425(6), and awarding defendant $15,800 in attorney fees.

The facts are undisputed. Plaintiff, a debt collection company, originally filed a complaint in small claims court in December 2009 to collect a debt owed by defendant for medical treatment. That case was transferred to circuit court and then dismissed without prejudice by stipulated judgment. Plaintiff again filed suit in circuit court in May 2010, seeking to recover the debt. Several months later, the case was transferred to court-mandated arbitration. *See* ORS 36.400 (establishing mandatory arbitration program in circuit court for certain cases). In January 2011, before the arbitration hearing, defendant filed counterclaims that alleged that plaintiff had engaged in unlawful collection practices in violation of the federal Fair Debt Collection Practices Act, 15 USC sections 1692 to 1692p, and Oregon's statutory counterpart, ORS 646.639.

After the arbitration hearing, the arbitrator issued an award in favor of plaintiff on the debt, but also issued an award in favor of defendant on his counterclaims for unlawful collection practices. Accordingly, the arbitrator awarded plaintiff $5,584.00 on its claim, plus pre-award interest and costs, and $3,062.50 in attorney fees. The arbitrator awarded defendant $1,200 for his counterclaims, as well as costs, and $15,800 in attorney fees.

Pursuant to ORS 36.425(6),[1] plaintiff filed an exception to the arbitrator's award of costs and attorney fees to

---

[1] ORS 36.425(6) provides:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award

defendant, acknowledging that defendant was entitled to fees by statute, but contending that the fees sought were "unreasonable and unjustified." In particular, plaintiff maintained that defendant could not recover any fees that were incurred before defendant filed his counterclaims. Plaintiff explained that, because defendant had prevailed on his counterclaims, but not on plaintiff's claim on the debt, defendant was only eligible to recover fees incurred while prosecuting his counterclaims. In addition, plaintiff generally objected to the amount of fees awarded for work performed after defendant filed his counterclaims as "unreasonable."

Defendant responded to plaintiff's exception by outlining the history of the case and indicating that defendant, in response to plaintiff's complaint in small claims court, had actually filed an answer and counterclaims back in December 2009. In addition, defendant countered that his fee request was reasonable, particularly because he had reduced it to 62 hours of work from the 73.7 hours his attorney actually spent on the case.

The trial court held a hearing on the attorney fees issue and subsequently entered an order concluding that

"the arbitrator's decision to award the $15,800.00 [is] reasonable. To the extent there is any issue about the inclusion of hours unrelated to the claim upon which the defendant succeeded, those concerns are adequately addressed by the defendant's voluntary reduction in the number of hours for which payment is sought."

The trial court then entered a general judgment. Plaintiff appeals.

or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. Any party opposing the exceptions must file a written response with the court and serve a copy of the response on the party filing the exceptions. Filing and service of the response must be made within seven days after the service of the exceptions on the responding party. A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs. If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

On appeal, plaintiff assigns error to the trial court's denial of its exceptions to the arbitrator's attorney fee award. First, plaintiff argues that defendant's fee petition was fatally defective because it "fails to segregate compensable from noncompensable time so that a compensable fee could be calculated." In particular, plaintiff asserts that the fee petition does not adequately identify which tasks are related to defending against plaintiff's debt claim and which tasks are related to prosecuting defendant's counterclaims. Plaintiff contends, relying on ORCP 68 C(4)(a)(i), that defendant's failure to segregate his time entries in such a manner renders his fee petition deficient in its entirety as a matter of law.

Alternatively, plaintiff challenges the amount of attorney fees awarded to defendant, asserting that "the majority of the task descriptions contained in the fee petition are for noncompensable work." Plaintiff explains that the statutes authorizing attorney fees to defendant, ORS 646.641(2) and 15 USC section 1692k(a)(3), only allow recovery of the fees incurred to prosecute an unlawful collection practices action, *i.e.*, defendant's counterclaims. Plaintiff identifies time periods in defendant's fee petition that it maintains include work that could not be related to defendant's prosecution of his counterclaims. First, plaintiff contends that 17 hours and 29 minutes of time billed between November 30, 2009 and February 23, 2010, was not compensable because that work occurred before plaintiff filed the present action. To the extent that any of the work in that time frame related to the action initially filed in small claims court, plaintiff contends that that time is not compensable because that case was dismissed by a stipulated judgment that "did not provide either party a fee award." Second, plaintiff asserts that 18 hours and 48 minutes of time billed between June 21, 2010 and January 11, 2011, was not compensable because those tasks relate exclusively to the defense of plaintiff's debt claim. Third, plaintiff attacks 35 hours and 3 minutes billed between January 12, 2011 and April 24, 2011, claiming that defendant's use of "block billing" makes it impossible to determine how much time defendant expended defending against plaintiff's claim.

Finally, plaintiff attacks the trial court's award of fees, asserting that, because ORS 646.641 and 15 USC section 1692k(a)(3) allow a discretionary award of attorney fees, the court was required to consider the factors under ORS 20.075 for discretionary fee awards. Plaintiff maintains that nothing in the record indicates that the trial court considered those factors in denying plaintiff's exceptions to the arbitrator's fee award.

Defendant responds that plaintiff failed to preserve most of the arguments it now makes on appeal. In defendant's view, plaintiff's written exceptions to the arbitrator's fee award only objected generally to the recovery of any attorney fees incurred prior to the date defendant filed his counterclaims, and also to some of the fees sought for time billed subsequent to that time. Defendant contends that plaintiff's objections at the trial court's hearing also were focused on the propriety of awarding fees for work performed prior to the date of filing the counterclaims. In short, defendant complains that plaintiff's main arguments on appeal—that the fee petition was fatally defective and that defendant's use of block billing lacks the specificity to allow the court to determine which work was compensable—are fundamentally different than the arguments presented to the trial court.

Defendant argues that plaintiff also loses on the merits. First, defendant maintains that he is entitled to, and did recover, "the fees reasonably incurred to achieve the success that the party actually achieved." *Freedland v. Trebes*, 162 Or App 374, 378, 986 P2d 630 (1999). Defendant also asserts that the only arguments that plaintiff preserved—*i.e.*, plaintiff's challenges to specific time entries—were resolved appropriately by the trial court, which concluded that defendant's voluntary reduction of 11.7 hours was sufficient to account for any time sought that did not fairly relate to defendant's prosecution of his counterclaims.

We begin with preservation. A party claiming error must present the claim of error to the trial court before we will consider it on appeal. ORAP 5.45(1). That requirement has both prudential and pragmatic purposes. *Peeples v.*

*Lampert*, 345 Or 209, 220, 191 P3d 637 (2008). As a pruden-tial matter, one purpose of the preservation rule is to allow the adversary to present its position and to permit the court to understand and avoid or correct the error. *Peiffer v. Hoyt*, 339 Or 649, 656-57, 125 P3d 734 (2005). In addition, preservation "ensures fairness to an opposing party, by per-mitting the opposing party to respond to a contention and by otherwise not taking the opposing party by surprise." *Peeples*, 345 Or at 219. It also "fosters full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it." *Id.* at 219-20.

Plaintiff's written exceptions to the trial court, which under ORS 36.425(6) "may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award," objected to "any recovery of attorney's fees for time and fees billed prior to the filing of [d]efendant's [c]ounterclaim, because defendant did not pre-vail on that claim * * *. Plaintiff further objects to the award of costs and fees requested subsequent to the counterclaim as unreasonable."

At the hearing, plaintiff explained that it objected to an award of fees for anything done before defendant filed his counterclaims on January 12, 2011, and clarified that "we're not objecting to the fees that were incurred on their counterclaim, which was filed on January 12th of this year after the case had been open two years." Further, plaintiff complained that defendant's attorney fee petition "included a whole bunch of time that was spent on the part of the case that they lost, and we're objecting to any attorney fees prior to January 12th, when he sat down and drafted the answer in the counterclaim." When asked by the court what the correct amount of fees might be, plaintiff identified several time entries after January 12, 2011, that it contended reflected an unreasonable amount of time spent on relatively simple tasks.

Later in the hearing, the court set out its under-standing of plaintiff's exceptions:

"[Court]: Well, there's two different issues, obviously. There's one, time spent on matters for which no compensation should be paid.

"[Plaintiff's Counsel]:   Exactly.

"* * * * *

"[Court]:   Second class, time spent on matters that should be paid but the time is more than a reasonable lawyer would spend.

"[Plaintiff's Counsel]:   Correct, Your Honor.

"* * * * *

"[Court]:   And on your first category you're objecting to everything before or after—everything before some—January of 2010, right?

"[Plaintiff's Counsel]:   Wednesday, January 12th, 2011, * * *. That was when the counterclaim was prepared and filed, and our position is clear on that—and I'm repeating myself now.

"* * * * *

"And our position is—

"[Court]:   Nothing done before that time should get paid.

"[Plaintiff's counsel]:   Be paid. And after that—

"[Court]:   After that—

"[Plaintiff's Counsel]:   —the two glaring examples of the twelve hours and the seven hours, we think that that was either a typo—I mean that's—Is it—I think humanly possible, could I sit down for twelve hours? Did I take a break? Did I have lunch? Did I go to dinner? Twelve hours to review a case that is pretty clear-cut on its face—This is not a complicated case, Your Honor. There's virtually no research that is required in a case like this. It was clear from the very outset."

At the end of the hearing, the court stated:

"I will look at the fee issue, come to my own determination of the extent to which the waived hours by [defendant] are an accurate reflection of your argument that there were hours that—prehours or unsuccessful hours or hours related to losing claims that shouldn't be paid, that may be a wash. I don't know. I'll come up with a—I'll look at that."

At no time did plaintiff present the trial court with an argument that defendant's fee petition was invalid as a matter of law because it failed to comply with ORCP 68 C or otherwise impermissibly "commingled" time entries for prosecuting defendant's counterclaim and defendant's claim. Plaintiff, relying on *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988), contends that it is not necessary to raise a particular argument or cite a particular authority to preserve an issue, as long as the court understood and identified the issue. And plaintiff argues that the court was fairly informed during the hearing of its argument that the petition was fatally defective. We disagree. As reflected in the colloquy between the court and plaintiff's counsel, the court understood plaintiff to be arguing that defendant could not recover any fees for work prior to January 12, 2011, because that was the day the counterclaim was filed, and separately, that some of defendant's time entries after January 12, 2011, reflected unreasonable amounts of time spent on relatively simple tasks. Those arguments do not reflect plaintiff's current contention that defendant's fee petition was fatally defective as a matter of law; to the contrary, plaintiff acknowledged that it was not challenging defendant's entitlement to fees incurred in prosecuting his counterclaim. Accordingly, plaintiff's argument that the fee petition was fatally defective is not preserved for our review.

Similarly, plaintiff failed to preserve its contention on appeal that the 35 hours of time billed between January 12, 2011 and April 24, 2011, should not have been awarded because defendant "block-billed." At the hearing, plaintiff identified a few specific time entries from that time period and argued that defendant had spent too much time on what plaintiff deemed relatively simple tasks. Plaintiff did not suggest to the court that, because defendant "block-billed," it was impossible to tell how much time defendant spent defending plaintiff's claims and prosecuting his own counterclaims. Accordingly, we do not consider plaintiff's argument that time after January 12, 2011, was not compensable because it was "block-billed."[2]

---

[2] We note that, on appeal, plaintiff does not reprise the argument he made to the trial court that certain time entries reflected an unreasonable amount of time spent on simple tasks.

In addition, plaintiff did not preserve the argument he now makes on appeal that any fees incurred before February 23, 2010, were not compensable because the action that is the subject of this appeal had not yet been filed as of that date, and the prior action had been dismissed by stipulated judgment that "did not provide either party a fee award." Plaintiff did not raise the preclusive effect of any prior stipulated judgment to the trial court, and we do not consider that contention on appeal.[3]

Plaintiff did, however, preserve its argument that defendant is not entitled to any fees incurred before January 12, 2011, and that defendant should only be awarded fees for time spent prosecuting his counterclaims. We review the trial court's legal determinations with respect to entitlement to attorney fees for errors of law. *Barber v. Green*, 248 Or App 404, 410, 273 P3d 294 (2012). We review the amount of an attorney fee award for an abuse of discretion. *Ashley v. Garrison*, 162 Or App 585, 591, 986 P2d 654 (1999).

As noted, plaintiff did not challenge defendant's entitlement to attorney fees under ORS 646.641 and 15 USC section 1692k(a)(3). Rather, after acknowledging to the trial court that defendant was entitled to recover fees related to his counterclaim, plaintiff argued that defendant should not be awarded fees for any work performed before filing his counterclaims. Plaintiff is incorrect to the extent that he now argues that, as a matter of law, when a statute authorizes an award of attorney fees to a party who prevails in the proceeding, fees are only available for work that occurred after the date on which the claim or counterclaim was filed. As we recently reiterated, "[s]tatutes that authorize an award of attorney fees to a party who succeeds or prevails in a proceeding authorize an award of fees reasonably incurred to achieve the success that the party actually achieved." *Fadel v. El-Tobgy*, 245 Or App 696, 709, 264 P3d 150 (2011), *rev den*, 351 Or 675 (2012) (internal quotation marks omitted). In *Fadel*, we explained that, because a

---

[3] Moreover, the record does not include the stipulated judgment; accordingly, even if preserved, we would have no manner of reviewing plaintiff's contention on this point. *See Farhang v. Kariminaser*, 232 Or App 353, 356, 222 P3d 712 (2009) (it is appellant's burden to provide the appellate court with a record adequate to demonstrate trial court error).

plaintiff's attorney often must perform a significant amount of work before filing a complaint, "the court is not limited to awarding only those fees incurred after the plaintiff filed her complaint." *Id.* Accordingly, the legal principle that plaintiff advances is incorrect, and the trial court was not prohibited from awarding defendant fees for work performed before January 12, 2011, that were reasonably incurred to achieve success on defendant's counterclaims.

To the extent that plaintiff is challenging the amount of the trial court's fee award, we conclude that the court did not abuse its discretion. Plaintiff's exception to the arbitrator's award asserted that the arbitrator awarded fees for work that related only to defending plaintiff's claim. Plaintiff did not identify specific time entries, but rather challenged all time entries before January 12, 2011. The trial court, in its ruling, indicated that plaintiff's concern that defendant's fee petition included hours that were unrelated to defendant's counterclaim was "adequately addressed by *** defendant's voluntary reduction in the number of hours for which payment is sought." Having reviewed the fee petition, we cannot conclude that the trial court abused its discretion in so deciding, particularly where, as here, plaintiff only generally objected to all time entries before a certain date, and did not identify specific time entries and task descriptions as unrelated to defendant's claims.

Finally, we address plaintiff's argument that the attorney fee award should be reversed because the trial court record did not indicate that it considered the factors in ORS 20.075 related to discretionary fee awards. ORS 20.075 generally governs situations in which a court has discretion to decide whether to award attorney fees. ORS 20.075(1) provides several factors that a court must consider when deciding if fees should be awarded. If the court decides to award fees under subsection (1), ORS 20.075(2) requires the court, in deciding the amount of the award, to consider the factors in ORS 20.075(1), as well as additional factors in ORS 20.075(2)(a) to (h). In *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998), the Supreme Court, when discussing the need for findings when deciding attorney fee awards, stated:

"Efficient and meaningful appellate review for abuse of discretion cannot occur on the present record, because we can only speculate about the possible relevant facts and legal criteria relied on for the court's award of attorney fees. Adequate findings about those matters need not be complex or lengthy. Rather, they must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review."

In explaining that requirement, the court noted that, "[s]tanding alone, the absence of explanatory findings to support an award or denial of attorney fees is not a ground for reversal." *Id.* at 189. Further,

"the objections of a party who resists a petition for attorney fees play an important role in framing any issues that are relevant to the court's decision to award or deny attorney fees. No party will be heard to complain of the absence of a finding by the court on an issue that the party did not raise in a petition, objection, or reply * * *. Moreover, the court need address only the objection or objections that are material to its decision."

*Id.*

Here, plaintiff acknowledged that defendant was entitled to attorney fees for work related to his counterclaims. Therefore, plaintiff cannot now complain that the court failed to consider whether a discretionary fee award was appropriate under ORS 20.075(1). Further, as we have explained, plaintiff's objections to the trial court were limited to a general objection to fees incurred before January 12, 2011, and its contention that defendant was awarded fees for work related only to defending plaintiff's claims. The trial court disagreed with the former objection at the hearing and explicitly addressed the latter in its order awarding fees:

"To the extent there is any issue about the inclusion of hours unrelated to the claim upon which the defendant succeeded, those concerns are adequately addressed by the defendant's voluntary reduction in the number of hours for which payment is sought."

Plaintiff's objections framed the issues relevant to the trial court's decision, and the court's findings are sufficient for efficient and meaningful appellate review.

Affirmed.