Argued and submitted February 23, 2016; award of attorney fees reversed and remanded, otherwise affirmed June 1, 2017

Johnny R. JOHNSON,
*Plaintiff-Respondent,*

*v.*

O'MALLEY BROTHERS CORPORATION,
*Defendant-Appellant.*

Multnomah County Circuit Court
140201508; A158261

397 P3d 554

Andrew C. DeWeese argued the cause for appellant. With him on the brief was Andrew C. DeWeese, P.A.

Conrad E. Yunker argued the cause for respondent. With him on the brief were Conrad E. Yunker, P.C., Gary Abbott Parks, and Northwest WageLaw LLC.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

**DEHOOG, J.**

In this wage-claim case, defendant appeals the trial court's award of attorney fees under ORS 652.200(2) and ORS 652.615. Plaintiff was a commercial truck driver who sued defendant, his former employer, for failing to pay wages that it owed plaintiff, and for withholding a small sum from his paycheck, albeit with his consent. The trial court transferred plaintiff's case to court-annexed arbitration, and the arbitrator found for plaintiff in small part on his unpaid wage claim, as well as on his unlawful withholding claim. Based on that limited success, the arbitrator awarded plaintiff attorney fees in the amount of $16,866.00. Defendant did not challenge the arbitrator's substantive rulings, but did file exceptions to the attorney fee award with the trial court, as authorized by ORS 36.425(6) (allowing for review limited to the amount of an arbitrator's attorney fee award or the legal grounds for granting or denying an award).

The trial court upheld the arbitrator's fee award, concluding that the arbitrator had not abused his discretion. Defendant now appeals the resulting judgment and contends that the trial court erred for six distinct reasons. We discuss the merits of only two of defendant's arguments—his third and fourth—ultimately rejecting defendant's contention that plaintiff was not entitled to attorney fees on the unpaid wage claim because his attorney "unreasonably failed to give written notice" of those claims prior to filing the action, ORS 652.200(2), but agreeing with defendant that the arbitrator abused his discretion in awarding plaintiff attorney fees on his unlawful withholding claim. *See* ORS 652.615. As for the remaining contentions, we discuss defendant's first argument, that the trial court improperly reviewed the arbitrator's decision for an abuse of discretion, only insofar as it implicates *our* standard of review. We summarily reject defendant's second argument for much the same reason as its third. Finally, in light of our decision that the trial court abused its discretion, we reverse the attorney fee award and remand to the trial court with instructions to address the

issues raised by defendant's sixth and final argument on remand.[1]

We begin with an overview of the salient facts and procedural history of this case, taken from the limited record provided to us on appeal. Plaintiff worked briefly for defendant as a commercial truck driver in August and September 2013. Following the termination of his employment, in November 2013, plaintiff sent defendant a "Notice of Non-Payment of Wages." The notice stated that plaintiff was "not certain of all claims" that he had against defendant, because he did not have "access to all the documents and information in the possession, custody or control of [defendant]"; that he "reserve[d] the right to assert other claims and different amounts"; and that his notice was intended to put defendant "on notice of all * * * claims whether specified * * * or not." Plaintiff indicated that defendant had not paid him the following sums:

"1. Unpaid regular wages earned consisting of:

| | | |
|---|---|---|
| Hours paid at the wrong rate: 84 x $1.00 | $ | 84.00 |
| Unpaid pre-shift hours worked | $ | 142.50 |
| Unpaid post-shift hours worked: | $ | 142.50 |
| Unpaid wages deducted unlawfully | $ | 126.95 |
| TOTAL UNPAID EARNINGS: | $ | 495.95 |

"2. Liquidated damages for unlawful withholding: $ 200.00

"3. Unpaid premium pay for hours worked over 40 in a work week:

| | | |
|---|---|---|
| 16.0 @ $7.00 | $ | 112.00 |
| 8.0 @ $7.50 | $ | 60.00 |
| 9.5 @ $7.50 | $ | 71.25 |
| 9.5 @ $7.50 | $ | 71.25 |

"4. Liquidated damages for failure to pay premium pay: $ 314.50

"5. Continuation wages for failure to pay all wages upon termination: $ 3,600.00

"TOTAL $ 4,924.95"

---

[1] We conclude that defendant's fifth argument is unpreserved, and we therefore do not consider it on appeal. *See Quick Collect, Inc. v. Higgins*, 258 Or App 234, 241, 308 P3d 1089 (2013).

(Boldface in original; footnote omitted.) In December 2013, plaintiff's attorney sent defendant a "Notice of Wage Claim," which did not provide any further details regarding the claims plaintiff intended to assert against defendant, but which enclosed and incorporated the first notice by reference. The attorney's notice repeated the assertion that plaintiff reserved the right to bring additional claims.

Defendant declined to pay the sums demanded by plaintiff. In its exceptions to plaintiff's fee request, defendant explained that it had reviewed plaintiff's personnel file after receiving plaintiff's written notice and concluded that his wage and unlawful withholding claims were "unfounded."

Plaintiff filed an action against defendant in February 2014. The allegations of the complaint tracked the claims described in plaintiff's prelitigation notice of nonpayment. Specifically, in his first claim for relief (the wage claim), plaintiff alleged all of the amounts listed in his notice of nonpayment, including $126.95 that he claimed had been unlawfully deducted from his paycheck to pay a traffic fine. In his second claim for relief (the unlawful withholding claim), plaintiff sought, under ORS 652.615, statutory liquidated damages of $200.00 arising solely out of his claim that the $126.95 deduction was unlawful.[2] In connection with the wage claim, the complaint alleged that "[p]laintiff's attorney gave written notice of the claims in this matter to defendant before filing the action." Consistent with his prelitigation notice, plaintiff alleged damages and penalties totaling $4,924.95. In its answer, defendant denied that plaintiff was entitled to any unpaid wages or penalties and denied that plaintiff had given defendant notice of his claims.

Plaintiff deposed defendant's representative on July 9, 2014, three weeks before the scheduled arbitration hearing. Two days after the deposition, defendant mailed plaintiff a check in the amount of $975.59, purporting to represent 37.15 hours of work at $14.00 per hour, less applicable state and federal withholdings, as well as a

---

[2] ORS 652.615 creates a cause of action for violations of ORS 652.610(3) (prohibiting wage deductions with certain exceptions) and establishes a remedy of "actual damages or $200, whichever is greater."

"misc[ellaneous]" sum in the amount of $521.50.[3] According to defendant, it sent the check to plaintiff in an attempt to pay him wages that it first learned that it owed him at the July 9 deposition. Plaintiff did not accept that payment. Instead, on July 28, plaintiff amended the complaint to allege that he had worked 24.95 hours in August 2013 for which he had not been paid (the August wages), as well as additional premium pay claims corresponding to the newly added August wages.[4]

As noted, the trial court referred the action to court-annexed arbitration, *see* ORS 36.400(2), and an arbitrator heard the matter on July 30, 2014. Following the hearing, the arbitrator issued a written opinion separately addressing each of plaintiff's claims. The arbitrator denied most of plaintiff's wage claim, but awarded him $349.30 (24.95 hours at $14.00 per hour) for the August wages that had come to light at defendant's deposition and that plaintiff had first alleged in the amended complaint. On plaintiff's unlawful withholding claim, in which he alleged that defendant had unlawfully deducted $126.95 from his wages to pay a traffic fine on his behalf, the arbitrator found for plaintiff after concluding that the withholding was, in fact, unlawful, because defendant made the deduction without first obtaining plaintiff's written authorization. *See* ORS 652.610(3)(b).[5] On that claim, the arbitrator awarded plaintiff liquidated damages of $200.00 in accordance with ORS

---

[3] Defendant's brief explains that the miscellaneous sum was, in its view, the maximum penalty authorized by ORS 652.150(2)(b) for a late payment of wages.

[4] Although plaintiff alleged he was not paid for 24.95 hours in August 2013, rather than the 37.25 hours that defendant sought to make up with its post-deposition offer of payment, the parties appear to share the understanding that both figures correspond to the hours that first came to light during defendant's deposition. Neither party appears to attach any significance to the difference in the two figures.

[5] ORS 652.610(3)(b) provides that an employer may not deduct any portion of an employee's wages unless "[t]he deductions are voluntarily authorized in writing by the employee, are for the employee's benefit and are recorded in the employer's books[.]"

Despite concluding that the deduction was not authorized by law, the arbitrator found that the

"traffic ticket was deducted from the paycheck with the full knowledge and consent of the plaintiff. It is clear that both parties intended the deduction to be made. It is clear that plaintiff benefited from the deduction. The deduction was not withheld and kept by the defendant, it was paid directly to a debtor

652.615. Finally, after finding against plaintiff on all of his remaining claims and allegations, the arbitrator determined that defendant had not acted willfully in failing to pay plaintiff any of the amounts that it owed him, because defendant's "actions amounted to a combination of unintentional miscalculation, innocent error or lack of information, and/or were performed under a good faith belief that the wages were not due." Therefore, the arbitrator declined to award continuation wages as a penalty under ORS 652.150(1).[6]

Following the arbitrator's rulings on the merits, plaintiff sought $33,732.00 in attorney fees under two statutory provisions: ORS 652.200(2), which, with certain exceptions that we will discuss, provides for a mandatory attorney fee award to a plaintiff who prevails on a wage claim; and ORS 652.615, which authorizes an award of attorney fees to a party who prevails on an unlawful withholding claim.

The arbitrator considered defendant's written exceptions to that request before concluding that a "full award of the attorney fees sought [wa]s not reasonable in light of the amount involved in the controversy and the results obtained." Instead, "[a]fter considering all of the factors in ORS 20.075[7] and applying them to the evidence," the

---

of the plaintiff. It is clear that neither party was aware that a written authorization was required to accomplish the goal of paying [the] ticket."

[6] ORS 652.150(1) establishes a penalty when an employer fails to pay wages under certain circumstances, as follows:

"Except as provided in subsections (2) and (3) of this section, if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140 and 652.145, then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefore is commenced. However:

"(a) In no case shall the penalty wages or compensation continue for more than 30 days from the due date[.]"

Plaintiff contends that the arbitrator erred in denying penalty wages under ORS 652.150(1), but did not seek trial *de novo* under ORS 36.425(2)(a), nor does he cross-appeal or otherwise assign error to that decision on appeal. Accordingly, we express no view on that ruling.

[7] ORS 20.075(1) lists factors a court must consider when it decides *whether* to award discretionary attorney fees, and ORS 20.075(2) lists additional factors that a court must consider, along with the factors under ORS 20.075(1), when it decides the *amount* of any discretionary or mandatory attorney fees that it will award.

arbitrator awarded plaintiff half of his requested fees, or $16,866.00. Defendant again filed written exceptions to that award, this time with the trial court under ORS 36.425(6), which, as noted, allows for exceptions "directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award."

The trial court held a hearing on defendant's exceptions and issued an order upholding the arbitrator's award.[8] In that order, the trial court summarily concluded that the arbitrator had not abused his discretion and denied defendant's exceptions. Accordingly, the trial court entered a general judgment that, in relevant part, awarded plaintiff $349.30 on his unpaid wage claim, $200.00 in liquidated damages on his unlawful withholding claim, and $16,866.00 in attorney fees.[9] This appeal followed.

Defendant raises six arguments on appeal, each directed at the trial court's ruling upholding the arbitrator's attorney fee award. First, defendant argues that the trial court erred in reviewing the arbitrator's fee award for an abuse of discretion rather than for legal error. Defendant's second and third arguments focus on the award of mandatory attorney fees under ORS 652.200(2) and assert that plaintiff's recovery under that statute is barred, either because he willfully violated his employment contract, or, alternatively, because plaintiff's attorney unreasonably failed to give defendant written notice of the wage claim on which he prevailed. The focus of defendant's fourth argument is the arbitrator's award of discretionary fees, under ORS 652.615, on plaintiff's unlawful withholding claim, which, defendant contends, constituted an abuse of discretion in light of the arbitrator's specific finding that plaintiff had requested the underlying deduction for his own benefit. Finally, in his sixth argument, defendant contends that the trial court abused its discretion by failing to reduce the

---

[8] We do not have a transcript of that hearing on appeal.

[9] Notably, the court indicated in the judgment that plaintiff was awarded attorney fees on both the wage claim and the unlawful withholding claim, but did not segregate the fee award by claim or otherwise indicate how much of the award was associated with each claim.

amount of the fee award based on the factors listed under ORS 20.075.[10]

For the reasons discussed below, we agree with defendant that the trial court committed reversible error in its award of attorney fees in this case, but reject several of defendant's contentions as to how the court erred. Specifically, we reject defendant's contention that the trial court's reliance on an abuse of discretion standard constitutes reversible error, as well as its contention that plaintiff's recovery of fees under ORS 652.200(2) is barred by one of that statute's exceptions. We agree, however, that it was an abuse of discretion to award fees under ORS 652.615 for the unlawful withholding claim, because the arbitrator's findings weigh heavily against an award of fees when the applicable factors under ORS 20.075(1) are considered, and the record discloses no countervailing considerations.

Before elaborating on defendant's contentions, we consider the appropriate standard of review. As noted, defendant's first argument is that the trial court erred in reviewing the arbitrator's attorney fee award for an abuse of discretion and that the court should have reviewed the award for legal error. However, defendant does not advance that argument on appeal. Instead, defendant proceeds to argue that *our* standard of review is for legal error, with the exception of the decision to award fees under ORS 652.615 and the application of the ORS 20.075 factors in determining the amount of any award. Notwithstanding its position that the trial court erred in applying an abuse of discretion standard, defendant contends, citing ORS 20.075(3), that *we* must apply that standard to those decisions on appeal.

For his part, plaintiff does not seem to dispute defendant's contention that the trial court erred in applying an abuse of discretion standard. Indeed, plaintiff's position, citing *Williamson v. Government Employees Ins. Co.*, 247 Or App 48, 270 P3d 260 (2011), *rev den*, 252 Or 25 (2012), is that "the trial judge lacked discretion to modify the award so long as the arbitrator correctly applied the law in awarding fees."

_____

[10] Defendant's fifth argument is that the trial court erred in awarding fees not reasonably related to the claims on which plaintiff prevailed. As noted, 285 Or App at 806 n 1, that argument is not preserved, and we do not consider it.

Further, citing *Rivera-Martinez v. Vu*, 245 Or App 422, 263 P3d 1078, *rev den*, 351 Or 318 (2011), plaintiff argues that our review is limited to a determination of whether the trial court erred as a matter of law in upholding the arbitrator's attorney fee award.[11]

We conclude that, even if the trial court erroneously applied an abuse of discretion standard in reviewing the arbitrator's attorney fee award, any such error would not be reversible here. That conclusion flows from the fact that, if the attorney fee award resulted from an erroneous application of the law, our focus on appeal would be on that alleged legal error. Concomitantly, if we were to reverse, it would be because the award of fees was not legally sound, and not because the trial court applied the incorrect standard of review. And, as for our review, the standard is clear:

> "We review the circuit court's legal determinations with respect to entitlement to attorney fees for errors of law. *Koster Remodeling & Construction, Inc. v. Jataka*, 155 Or App 142, 145, 963 P2d 726 (1998). If attorney fees are authorized or required, we review the trial court's award (or lack thereof) for an abuse of discretion. ORS 20.075(3)."

*Barber v. Green*, 248 Or App 404, 410, 273 P3d 294 (2012). Thus, we review for legal error the trial court's conclusion that plaintiff was entitled to attorney fees under ORS 652.200(2). *See id.*

On the other hand, discretionary decisions, such as whether to award attorney fees that are not mandatory or the amount of any fees that a court may award, are subject—not surprisingly—to review for an abuse of discretion. *Id.*; *see Quick Collect, Inc. v. Higgins*, 258 Or App

---

[11] Plaintiff also addresses defendant's first argument in his general assertion that defendant's brief fails to comply with the rules of appellate procedure. Among other things, plaintiff correctly observes that defendant's brief does not comply with ORAP 5.45(4)(a), which requires appellants to set out specific information demonstrating how and where appellant preserved the errors raised on appeal. Although plaintiff argues that we should affirm for that reason alone, he does not contend that defendant's arguments are unpreserved, and we conclude that, at least as to those that we consider on the merits, they are preserved. Further, because the deficiencies in the opening brief have not unduly hampered our ability to consider defendant's arguments, we decline to exercise our discretion to reject them on that basis. *See Albertson's, Inc. v. Bureau of Labor and Industries*, 128 Or App 97, 99-100, 874 P2d 1352 (1994).

234, 242, 308 P3d 1089 (2013) ("We review the amount of an attorney fee award for an abuse of discretion." (Citing *Ashley v. Garrison*, 162 Or App 585, 591, 986 P2d 654 (1999).)). Because defendant does not contend that plaintiff was not entitled to attorney fees under ORS 652.615, but only that he should not have received an award under the circumstances, we review that award for an abuse of discretion. We proceed with those standards in mind.

Turning to the merits, we begin with defendant's contention that plaintiff's recovery of mandatory attorney fees under ORS 652.200(2) is barred. We focus on defendant's argument that, because plaintiff did not provide his employer with written notice of the wage claim on which he ultimately prevailed, he was not entitled to a fee award under that statute.

Under ORS 652.200(2), a plaintiff who prevails in a wage action is generally entitled to attorney fees. That statute provides, in relevant part:

> "In any action for the collection of wages, if it is shown that the wages were not paid *** the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action, unless it appears that the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action."

ORS 652.200(2). Thus, under that provision, an award of attorney fees is mandatory when a plaintiff prevails on a wage claim unless (1) the employee willfully violated the employment contract or (2) the employee's attorney unreasonably failed to give notice of the wage claim to the employer. *See id.* Conversely, if either circumstance is present, ORS 652.200(2) does not authorize fees. *See Belknap v. U.S. Bank National Association*, 235 Or App 658, 672, 234 P3d 1041 (2010), *rev den*, 349 Or 654 (2011) (court erred in awarding fees under ORS 652.200(2) when one of that provision's disqualifying conditions was met).

In this case, the arbitrator awarded attorney fees under ORS 652.200(2) because plaintiff prevailed, at least in part, on his wage claim, specifically, on his allegation that he had not been paid for "11 hours of work on 8/16 at $14 per hour and *** 13.95 hours from 8/19 through 8/31 at $14 per hour" (*i.e.*, the August wages). Defendant sought review of that award by the trial court under ORS 36.425(6) (allowing parties to arbitration to challenge attorney fee decisions without requesting trial *de novo*). Defendant argued that ORS 652.200(2) did not authorize a fee award, because plaintiff had not provided written notice of his claim for the August wages before filing his complaint. Rather than address that argument, the trial court summarily concluded that the arbitrator had not abused his discretion. As noted, defendant asserts that the trial court was required to review the arbitrator's fee award for legal error, not for an abuse of discretion, and that, under the correct standard of review, the arbitrator's ruling was legally unsound. Plaintiff argues that the arbitrator properly considered—and, rejected—defendant's arguments under ORS 652.200(2) and that, to the extent defendant suggests otherwise, its contentions raise only unreviewable "factual challenges" to the award.

Defendant argues to us—as it did to the arbitrator and to the trial court—that ORS 652.200(2) did not authorize the award of attorney fees in this case, because plaintiff did not provide notice of the wage claim on which he ultimately prevailed. Specifically, defendant argues that *Belknap* requires a plaintiff to provide notice of "the" particular wage claim he wishes to assert to provide an employer with the opportunity to resolve *that* wage claim before the plaintiff files suit. *See* 235 Or App at 671. Defendant argues that "the" wage claim on which plaintiff prevailed was his claim for the August wages, and, because plaintiff's "Notice of Wage Claim" did not identify those wages, it did not satisfy the notice requirement articulated in *Belknap*. *See id.*[12] Other than contending that defendant is making

---

[12] After our decision in *Belknap*, 253 Or App at 669-72, which construed the notice language of ORS 652.200(2) (requiring "written notice of the wage claim"), the legislature adopted a more specific notice requirement, now found at ORS 652.150(2)(c). Or Laws 2011, ch 348, § 2. In relevant part, ORS 652.150(2)(c)

arguments that the arbitrator found unpersuasive, plaintiff does not address defendant's notice argument.

Nonetheless, we conclude that defendant's notice argument fails. We do not necessarily agree with plaintiff that defendant is seeking to revisit the arbitrator's factual findings. But we conclude, for the reasons that follow, that the procedural posture of this case precludes defendant's challenge, and we therefore reject it.

We start with the statutory basis for the award, ORS 652.200(2). Under that statute, if a plaintiff in a wage claim prevails ("if it is shown that the wages were not paid"), then an attorney fee award is presumptively mandatory: "[T]he court shall, upon entering judgment for the plaintiff, include in the judgment *** a reasonable sum for attorney fees ***." ORS 652.200. But, as we have just observed, that mandatory fee provision does not apply if one of two conditions is present: either the plaintiff has willfully violated his or her employment contract, or, as relevant to this discussion, "the court *finds* that plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action." *Id.* (emphasis added). Here, we understand defendant to argue that, as a matter of law, the notice that plaintiff's attorney gave defendant was not, within the meaning of ORS 652.200(2), "written notice of the wage claim" on which plaintiff prevailed, and that plaintiff is therefore not entitled to an attorney fee award under that statute.

We reject that argument for two reasons. First, even assuming that the notice of wage claim sent by plaintiff's attorney failed to satisfy ORS 652.200(2)—a contention that plaintiff does not appear to dispute on appeal—the resulting conclusion, that plaintiff's attorney "failed to give written notice of the wage claim," is not sufficient to trigger

provides that "written notice of nonpayment must include the estimated amount of wages or compensation alleged to be owed or an allegation of facts sufficient to estimate the amount owed." Defendant notes the newer statute only in passing, and simply observes that it is "substantially similar" to ORS 652.200(2). Plaintiff does not mention ORS 652.150(2)(c), much less contend that it has any bearing on the adequacy of his notice.

an exception to the mandatory fee provision. That is, by the plain language of the statute, the failure to give written notice is immaterial unless that failure was also "unreasonabl[e]." ORS 652.200(2); *Belknap*, 235 Or App at 672. And, although plaintiff does not argue on appeal that, under the circumstance of this case, any failure to give written notice was reasonable, we cannot conclude that it was unreasonable on that basis alone.

That takes us to the second defect in defendant's notice argument. To illustrate our point, we again focus on the mechanics of ORS 652.200(2). Under that statute, the default outcome is that a prevailing plaintiff recovers his or her attorney fees. *See id.* That is, once the plaintiff in a wage claim case "show[s] that the wages were not paid," as plaintiff indisputably did in this case, the trial court must ("the court shall") include in the resulting judgment an award of reasonable attorney fees, unless one of two exceptions applies. *Id.* And, as relevant to defendant's notice argument, the default outcome stands "*unless the court finds that the plaintiff's attorney unreasonably failed to give written notice.*" ORS 652.200(2) (emphasis added). Here, defendant has not demonstrated that the arbitrator or the trial court made such a finding or that the record compelled that finding. *Cf. Barber*, 248 Or App at 412 (noting similar flaws in parties' arguments under ORS 20.084(4)). As the party seeking to rely on the statutory exception under ORS 652.200(2), defendant bore the burden of proving its application here. *See generally* OEC 305 (burden of persuasion); OEC 307 (burden of production).

To the extent that defendant suggests that the evidence presented below could only support one conclusion—that the failure by plaintiff's attorney to give written notice was not reasonable—the record on appeal is insufficient for us to consider that contention. As far as we can tell, defendant did not compile a record of the arbitration for the benefit of the trial court, nor has an evidentiary record from either tribunal been provided to us. And, as the party with the burden of ensuring that the record on appeal is adequate, defendant must bear the consequence when it is not. *Quick Collect, Inc.*, 258 Or App at 242 n 3 (appellant has the burden

to provide an adequate record for appeal).[13] Accordingly, we reject defendant's notice argument.[14]

We turn next to defendant's challenge to the amount of attorney fees under ORS 652.615. Defendant contends that it was an abuse of discretion to award fees under that provision after the arbitrator expressly found that defendant deducted the small sum from plaintiff's paycheck at his express request and solely for his benefit. We agree with defendant.

Under ORS 652.615, a plaintiff who established an unlawful withholding claim may recover his or her "actual damages or $200, whichever is greater" and "the court *may* award to the prevailing party * * * reasonable attorney fees." (Emphasis added.) Thus, ORS 652.615 authorizes, but—unlike ORS 652.200(2)—does not require, an award of attorney fees. *See Clackamas Cty. Assessor v. Village at Main Street*, 352 Or 144, 151, 282 P3d 814 (2012) (a statute that uses the word "may" to describe the court's authority to award fees provides the court with discretion to allow or deny attorney fees).

---

[13] Defendant may contend that the question of whether the failure to give notice was reasonable raises a purely legal question that we can answer without resorting to the record. *See Belknap*, 235 Or App at 672 (rejecting, in light of the statutory purpose of ORS 652.200(2) and the parties' legal arguments, the trial court's conclusion that the plaintiff's failure to give notice was reasonable). That contention, however, would be arguably at odds with the statute's contemplation of a "find[ing]" by the trial court. *See* ORS 652.200(2). In any event, where, as here, it is evident even from the limited record that there were questions as to what the parties knew and when they knew it, we conclude that, even if reasonableness is ultimately a legal question, in this case it turns on factual disputes beyond review. In that regard, we agree with plaintiff.

[14] We note that our discussion here is limited to defendant's contention that the lack of written notice disqualified plaintiff from a fee award under ORS 652.200(2). Defendant separately argues that plaintiff willfully violated his employment contract, which, he contends, independently bars recovery under that fee statute. *See* ORS 652.200(2). In support of the same contention before the trial court, defendant submitted a declaration purporting to demonstrate, as fact, that plaintiff could not have refused to perform his work duties for the reasons that he claimed, and that, as a result, his refusal constituted a willful violation of his contract. That factual dispute—and defendant's related credibility arguments to the trial court and to us—are beyond the authorized scope of review under ORS 36.425(6) and on appeal. Accordingly, we reject that separate argument without further discussion.

Although the decision to award fees under ORS 652.615 is discretionary, a court must consider the factors under ORS 20.075 "in determining whether to award attorney fees." *See Preble v. Dept. of Rev.*, 331 Or 599, 602, 19 P3d 335 (2001). Those factors are as follows:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

ORS 20.075(1).

As noted, the arbitrator explained that he considered the factors in ORS 20.075 and applied them to the evidence. The arbitrator concluded that a "full award of the attorney fees sought [wa]s not reasonable in light of the amount involved in the controversy and the results obtained" and awarded only one-half of what plaintiff had requested. On review, the trial court concluded that the arbitrator had not abused his discretion in making that decision.

Defendant argues that it was an abuse of discretion to award any attorney fees under ORS 652.615 in light of the

arbitrator's specific findings regarding the nature of defendant's violations. Again, those findings were as follows:

"[The] traffic ticket was deducted from the paycheck with the full knowledge and consent of the plaintiff. It is clear that both parties intended the deduction to be made. It is clear that plaintiff benefited from the deduction. The deduction was not withheld and kept by the defendant, it was paid directly to a debtor of the plaintiff. It is clear that neither party was aware that a written authorization was required to accomplish the goal of paying [the] ticket."

Plaintiff is evidently correct in observing that the arbitrator was not persuaded that those findings precluded an award of fees under ORS 652.615. However, after considering them, together with the record as a whole, in light of the factors listed in ORS 20.075(1), we conclude otherwise.

We note that plaintiff does not dispute that all of the arbitrator's findings reflected that defendant acted in good faith. *See* ORS 20.075(1)(a) (requiring court to consider whether conduct giving rise to litigation involved bad faith); ORS 20.075(1)(h) (in addition to enumerated factors a court must consider, "[s]uch other factors as the court may consider appropriate under the circumstances of the case"). Here, defendant simply misunderstood the law. In fact, in addition to the findings set out above, the arbitrator specifically found that *neither* plaintiff nor defendant knew that ORS 652.610(3)(b) required the authorization for the deduction to be in writing. Under those circumstances, awarding attorney fees for what the arbitrator recognized as a purely technical violation would do virtually nothing to protect employees or otherwise serve the statutory purpose of the fee-shifting provision in ORS 652.615. *See Swarens v. Dept. of Rev.*, 320 Or 669, 674, 890 P2d 1374 (1995) (noting that, when a government entity "erroneously but reasonably interpret[ed] a statute, the purposes ascribed to the attorney fee statute are not served by a fee award"); *see also Belknap*, 235 Or App at 670-72 (describing purpose of fee-shifting provisions generally). Further, neither the trial court below nor plaintiff on appeal has identified any of the factors in ORS 20.075(1) that weigh in favor of an attorney fee award, and we glean none from the record. In light of the arbitrator's specific findings suggesting that an award of attorney fees

would not be appropriate, together with the absence of any apparent countervailing factors to support an award, it was an abuse of discretion to award attorney fees to plaintiff under ORS 652.615.

Furthermore, because the trial court did not differentiate between the attorney fees that it awarded on plaintiff's wage claim and the fees it awarded on his unlawful withholding claim, we reverse the attorney fee award in its entirety, and remand for an award of attorney fees consistent with this opinion.

Finally, our resolution of those matters renders it unnecessary for us to address defendant's last argument, namely, that the trial court abused its discretion in not reducing the attorney fee award in light of the ORS 20.075 factors. We presume that the court will consider all appropriate factors when calculating its award of attorney fees on remand.

Award of attorney fees reversed and remanded; otherwise affirmed.