Argued and submitted June 3, affirmed July 15, 1998

# KOSTER REMODELING & CONSTRUCTION, INC.,
*Respondent,*

*v.*

# Ann JATAKA,
*Appellant.*

## (9604-02708; CA A97207)

963 P2d 726

Kevin Milton Myles argued the cause for appellant. With him on the brief were Phylis Chadwell Myles and Myles & Myles.

Van M. White argued the cause for respondent. With him on the brief was Samuels, Yoelin, Kantor, Seymour & Spinrad, LLP.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant appeals a judgment awarding attorney fees to plaintiff in this action for breach of contract and *quantum meruit*. She assigns error only to the award of fees. We affirm.

Plaintiff, a contractor, agreed to construct and install library shelving in defendant's home. The agreement executed by the parties provided plaintiff with the option of enforcing payment for the services through either court action or private arbitration. The agreement also provided:

> "18. Attorney Fees. In the event suit or action is instituted to enforce any right granted in this Contract, the prevailing party shall be entitled to recover its costs and disbursements incurred together with reasonable attorney fees to be fixed by the court at trial or on appeal."

Plaintiff delivered the shelving to defendant's home, but, before it was installed, defendant terminated the agreement. Plaintiff initiated this action in Multnomah County Circuit Court for $7,923.67 in damages.

Because of the amount in controversy, the trial court ordered the case transferred to mandatory Multnomah County Arbitration. *See* ORS 36.400. The arbitrator awarded plaintiff $2,500. Plaintiff requested attorney fees, but the arbitrator declined, holding that the agreement between the parties provided for an award of attorney fees only in the event of a "suit or action," not in the event of arbitration.

Plaintiff filed an exception directed solely at the arbitrator's decision not to award attorney fees. The trial court concluded that the arbitrator was incorrect and awarded plaintiff $3,000 in attorney fees. Defendant challenges that decision on appeal.

Defendant argues that the trial court erred in reversing the arbitrator without expressly finding that the arbitrator abused his discretion, as required by ORS 20.075(3). Plaintiff argues that the trial court's decision "was in compliance with ORS 20.075."

■    At the outset, it bears noting that the trial court's review of the arbitrator's decision was not governed by ORS 20.075(3). That statute concerns an appeal to this court from an award of attorney fees by a trial court:

> "In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion."

ORS 20.075(3). The statute clearly pertains to appellate review of a "decision of the court" to award or to deny attorney fees. It does not concern the trial court's review of an arbitrator's decision.

■    The statute that governs the trial court's decision in this case is ORS 36.425(6):

> "[A] party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. * * * A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs."

The statute expressly confers on the trial court authority to examine the "legal grounds for an award or denial of attorney fees." It does not require any deference to the arbitrator on that question of law. The court is directed to "decide the issue" of legal entitlement and "enter a decision." That is precisely what the trial court did.

■■    The question remains whether the trial court was correct in doing so. We review a trial court's decision concerning contractual entitlement to attorney fees as a matter of law. *Spectra Novae, Ltd. v. Waker Associates, Inc.*, 140 Or App 54, 59, 914 P2d 693 (1996). The parties' agreement provides for an award of attorney fees to the prevailing party "in the event suit or action is instituted to enforce" the agreement. Plaintiff chose not to pursue private arbitration and filed a complaint initiating an action for breach of contract and *quantum meruit*. Plaintiff thus initiated an action to

enforce the agreement and prevailed in that action. As a result, it is entitled to an award of fees.

Defendant insists that the trial court erred, because the award arose out of an arbitration, not out of a suit. We disagree. The agreement affords plaintiff an option of enforcing the agreement either through private arbitration or civil litigation. In the event the agreement is successfully enforced in a suit or action, the prevailing party is entitled to fees. In this case, plaintiff elected not to pursue private arbitration and filed a complaint in circuit court instead. The matter was transferred to arbitration not at plaintiff's election, but because the statute and local rules required arbitration of actions involving less than a specified amount of damages. *See Douglass v. Allstate Ins. Co.*, 152 Or App 216, 222, 953 P2d 770, *rev den* 327 Or 305 (1998) (plaintiff in mandatory arbitration "did not 'elect' to pursue arbitration; rather, she was compelled to participate in arbitration as a consequence of her choice to pursue litigation").

We conclude that the trial court did not err in awarding plaintiff attorney fees under the agreement for prevailing in an action to enforce that agreement.

Affirmed.