Argued and submitted December 6, 2007, affirmed November 5, 2008

## GREAT SENECA FINANCIAL CORPORATION,
*Plaintiff-Respondent,*

*v.*

## Rotha E. LISHER,
*Defendant-Appellant.*

Lake County Circuit Court
040110CV; A129356

196 P3d 86

Claud Ingram argued the cause and filed the briefs for appellant.

Matthew J. Kalmanson argued the cause for respondent. On the brief were Marjorie A. Speirs and Janet M. Schroer.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

The appeal in this case by defendant arises out of an arbitration proceeding under ORS chapter 36. Plaintiff filed a complaint for money damages in circuit court alleging that defendant was a cosigner on a delinquent credit card account. Defendant filed an answer denying that she had entered into any agreement to pay for the charges incurred by the cardholder in excess of $500 and a counterclaim seeking to recover her attorney fees incurred in defense of plaintiff's action. Pursuant to the order of the court, the case was referred to mandatory arbitration under ORS 36.400 to 36.425. The arbitrator ruled that defendant was not liable on plaintiff's claim, but also that she was not entitled to attorney fees for successfully defending plaintiff's claim because there was no agreement between the parties that contained a provision for attorney fees. Neither party sought a trial *de novo* in circuit court pursuant to ORS 36.425(2)(a). However, defendant filed an exception to the arbitrator's denial of her request for an award of attorney fees under ORS 36.425(6). Ultimately, the trial court denied defendant's exception and a supplement judgment was entered upholding the arbitrator's denial of attorney fees, from which defendant appeals.

"ORS 36.425 describes two distinct schemes or 'tracks' of finality and appealability: one for challenges to the arbitrator's entire award, including the substantive merits of that award[,] ORS 36.425(2)(a); and the other for attorney-fee related challenges only, ORS 36.425(6)." *Deacon v. Gilbert*, 164 Or App 724, 731, 995 P2d 557 (2000). ORS 36.425(6) provides,

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. Any party opposing the exceptions must file a written response with the court and serve a copy of the response on the party filing the exceptions. Filing and service of the response must be made within seven days after the service of the exceptions on the responding party. A judge of the

court shall decide the issue and enter a decision on the award of attorney fees and costs. If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

Defendant's contention that plaintiff's pleading of a contract in its complaint was sufficient to establish an agreement providing for an award of attorney fees was properly raised in the circuit court pursuant to ORS 36.425(6). *See Foust v. American Standard Ins. Co.*, 189 Or App 125, 131-32, 74 P3d 1111 (2003) (holding that review of an arbitrator's denial of attorney fees on the ground that the plaintiff had failed to present sufficient evidence to establish her entitlement to attorney fees is proper under ORS 36.425(6) because the arbitrator's decision was based on the legal significance of the evidence); *see also Koster Remodeling & Construction, Inc. v. Jataka*, 155 Or App 142, 145, 963 P2d 726 (1998) (holding that the words "legal grounds" in ORS 36.425(6) refer to the legal entitlement to attorney fees). Additionally, ORS 36.425(2)(a) provides for *de novo* review in circuit court for

"a party against whom relief is granted by the [arbitrator's] decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but *no other party* may file with the clerk a written notice of appeal and request for a trial *de novo* of the action in the court on all issues of law and fact."

(Emphasis added.) Because defendant prevailed in the arbitration proceeding except on her request for attorney fees, an exception under ORS 36.425(6) was her only recourse from the arbitrator's denial of her request for attorney fees.

■ On appeal, defendant argues that, because plaintiff sought attorney fees in its complaint, the arbitrator erred in concluding that there was no agreement under which he could award attorney fees to defendant. In defendant's view, by pleading an entitlement to attorney fees, plaintiff made a judicial admission that the agreement sued on contained a prevailing party attorney fee provision. Plaintiff responds

that the agreement attached to its complaint and incorporated therein by reference does not contain an attorney fee provision, and, in the absence of any evidence of a contract between the parties providing for attorney fees, the arbitrator ruled correctly.

■■    We review the circuit court's denial of defendant's exception to the arbitrator's denial of defendant's claim for attorney fees for errors of law. *Koster*, 155 Or App at 145. We agree with defendant's general premise that a statement of fact alleged in a party's pleading may operate as an admission that the fact exists as alleged. *McGanty v. Staudenraus*, 321 Or 532, 538, 901 P2d 841 (1995); *see also Yates v. Large*, 284 Or 217, 223, 585 P2d 697 (1978). However, "[a] judicial admission is a formal concession in pleadings or stipulations that withdraws a fact from issue[,]" *State v. Anderson*, 137 Or App 36, 42, 902 P2d 1206 (1995) (citing John W. Strong ed., 2 *McCormick on Evidence* § 254, 142 (4th ed 1992)), and is made "for the purpose of dispensing with proof of a fact in issue." *Foxton v. Woodmansee*, 236 Or 271, 278, 386 P2d 659 (1963); *see also Garvin v. Western Cooperage Co.*, 94 Or 487, 499-500, 184 P 555 (1919) (so holding). Here, plaintiff alleged that defendant promised to pay for plaintiff's attorney fees in paragraph 16 of the complaint for the purpose of recovering attorney fees on the credit card agreement that defendant had cosigned. Defendant's answer denied that such a promise existed, thereby creating an issue of fact that was decided by the arbitrator contrary to plaintiff's allegation. Under the circumstances, defendant cannot contend that plaintiff acted in a manner that dispensed with the proof of a fact in issue.[1] We conclude, therefore, that plaintiff's allegation under the circumstances did not constitute a judicial admission that withdrew that fact from the arbitrator's consideration. Accordingly, the trial court did not err in denying defendant's exception to the arbitrator's ruling.

Affirmed.

---

[1] Defendant alleged a reciprocal right to attorney fees under ORS 20.096, but that alternative allegation is not probative of the purpose of paragraph 16 in plaintiff's complaint.