Argued and submitted January 26, affirmed September 8, petition for review denied November 10, 2011 (351 Or 318)

Saul RIVERA-MARTINEZ,
*Plaintiff-Appellant,*

*v.*

Tommy C. VU,
dba Pho Dalat;
and Ninh V. Vuong,
dba Pho Dalat,
*Defendants,*

*and*

Donald M. HOOTON;
and Hooton Wold & Okrent, LLP,
*Defendants-Respondents.*

Multnomah County Circuit Court
080913379; A144371

263 P3d 1078

Jack Oswald argued the cause for appellant. With him on the briefs was Oswald & Mitchell.

Trung D. Tu argued the cause for respondents. With him on the briefs were Jonathan M. Radmacher and McEwen Gisvold LLP.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Riggs, Senior Judge.

SERCOMBE, J.

## SERCOMBE, J.

Plaintiff, who pursued and prevailed on a minimum wage claim against his former employers and a legal malpractice claim against his former attorneys, appeals a judgment that denied him attorney fees against the lawyer defendants, Donald N. Hooton and Hooton Wold & Okrent, LLP. Plaintiff argues that the trial court erred in denying him attorney fees against the lawyer defendants, because his legal malpractice claim arose from their negligence in handling an overtime wage claim against plaintiff's former employers and prevailing party attorney fees are statutorily authorized on overtime wage claims under state and federal law. *See* ORS 653.055(4); 29 USC § 216(b).[1] For the reasons that follow, we affirm.

The relevant facts are undisputed. Plaintiff worked for his former employers from June 15, 2003 through June 3, 2005. During the course of his employment, plaintiff was not paid applicable minimum and overtime wages. On or about June 13, 2005, plaintiff retained the lawyer defendants to pursue, on plaintiff's behalf, certain wage claims against plaintiff's former employers. The lawyer defendants filed suit against plaintiff's former employers on or about June 4, 2007, by which time the two-year statute of limitations had run on plaintiff's claim for unpaid overtime wages. In addition, the

---

[1] ORS 653.055 provides, in part:

"(1) Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:

"(a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and

"(b) For civil penalties provided in ORS 652.150.

"* * * * *

"(4) The court may award reasonable attorney fees to the prevailing party in any action brought by an employee under this section."

29 USC section 216(b) provides, in part:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. * * * The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

lawyer defendants permitted plaintiff's action to be dismissed for failure to prosecute on December 5, 2007. Thereafter, plaintiff retained new counsel and instituted the current action against his former employers and his former attorneys.

In plaintiff's first amended complaint, with respect to his minimum wage claim against his former employers, plaintiff sought $11,841.25 for earned but unpaid minimum wages, prejudgment interest on that sum, along with reasonable attorney fees, costs, and disbursements. With respect to plaintiff's legal malpractice claim against his former attorneys, plaintiff sought $9,104.05 for earned but unpaid overtime wages, certain statutorily authorized penalties, liquidated damages of $9,104.05, "[p]laintiff's reasonable attorneys' fees," and reasonable costs and disbursements.

Pursuant to ORS 36.400(3), plaintiff's claims were subject to court-annexed arbitration.[2] Following the arbitration hearing, the arbitrator determined that plaintiff was entitled to recover $11,841.25 plus prejudgment interest and his reasonable attorney fees and costs from his former employers on his minimum wage claim. The arbitrator also determined that plaintiff was entitled to recover $18,208.10 plus costs from the lawyer defendants on his legal malpractice claim. However, the arbitrator concluded that plaintiff was not entitled to attorney fees from the lawyer defendants. The arbitrator reasoned:

> "[N]ormally a party may recover attorney's fees only if there is a statute or contractual provision that provides for such recovery. See Domingo v. Anderson, [325 Or 385, 938 P2d 206 (1997)]. Plaintiff sufficiently alleged his request for attorney's fees *as an item of damage* in paragraph 19 of his First Amended Complaint. This takes this case out from under the rule of Domingo. The question then becomes whether plaintiff can recover attorney's fees in the malpractice action if he lost the opportunity to recover attorney's fees due to the attorney's negligence in the underlying claim. If yes, should they be part of plaintiff's case in chief

---

[2] ORS 36.400(3) provides that "[e]ach circuit court shall require arbitration under ORS 36.400 to 36.425 in matters involving $50,000 or less."

or be handled in a post-trial attorney's fee petition under ORCP 68? * * *

"Plaintiff argues that the attorney's fees should be handled under Rule 68, and relies upon *Glamann v. St. Paul Fire & Marine Ins.*, 424 NW2d 924 (Wis. 1988)[.] There are cases contrary[.] See *Fitzgerald v. Walker*, 826 P2d 1301 (Idaho 1992). The better reasoned approach is that if attorney's fees are sought *as part of economic damages* in a legal malpractice case, they need to be alleged and proven as part of plaintiff's case in chief and not delayed until post-Rule 68 proceedings."

(Underlining in original; emphases added.)

After the arbitration award was filed with the trial court pursuant to ORS 36.425(6),[3] plaintiff filed exceptions to the "denial of attorney fees against lawyer defendants." Plaintiff argued that, because the measure of damages in a malpractice action arising from the loss of a viable claim is generally the value of the lost putative judgment, and the lost judgment on his overtime wage claim would have included an award of attorney fees, he was entitled to an award of attorney fees on his malpractice claim. Moreover, plaintiff contended that the proper method of determining the amount of those fees was the post-trial procedure provided by ORCP 68, because the amount of such fees would be for the actual prosecution of the underlying claim—the "case within the case"—and any other procedure to determine the fees would be uncertain and speculative. By order, the trial court affirmed the arbitrator's fee award. The court explained:

"Upon review, this court finds that the fees sought but not recovered fall into two categories. First there are the fees expended proving the 'case within the case.' As with the fees that would have been charged and earned (and paid by the [plaintiff's former employers]) had the case been handled without negligence the fees expended in this case to

---

[3] ORS 36.425(6) provides, in part:

"Within seven days after the filing of a decision and award [by the arbitrator] under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award."

achieve that same result are recoverable. In this case, however, *they are an element of damages* and must be ple[d] and proved in that manner, rather than sought via ORCP 68. As to the fees incurred in proving the malpractice case, those fees could be sought via ORCP 68 but for the fact that there is no basis upon which such an award could be made. The plaintiff is not entitled to an award of fees on his malpractice claim beyond what he could have recovered in the 'case within a case.' "

(Emphasis added.) Ultimately, the court entered a general judgment consistent with that order and the arbitrator's award.

On appeal, plaintiff assigns error to the trial court's order affirming the arbitrator's denial of attorney fees on plaintiff's legal malpractice claim. We understand plaintiff to essentially renew on appeal his argument to the trial court that he is entitled to recover, in his malpractice claim, the attorney fees he would have been awarded on the underlying claim, but that those fees should be determined by the post-trial procedure provided by ORCP 68 C because they are based on the fees he actually incurred in proving the case within the case.

The lawyer defendants respond that the trial court and the arbitrator properly denied plaintiff's request for attorney fees. The lawyer defendants argue that, pursuant to UTCR Chapter 13, ORCP 68 does not apply to court-annexed arbitration and that the arbitrator had considerable discretion to establish the procedures for determining and awarding attorney fees. In addition, the lawyer defendants argue that, because plaintiff alleged that he was entitled to attorney fees as a form of "damages" relating to his legal malpractice claim, plaintiff was required to prove those damages during his case-in-chief. The lawyer defendants also raise two cross-assignments of error challenging (1) the rulings by the trial court and arbitrator that plaintiff was entitled to recover, as damages in his malpractice claim, his lost attorney fees on his underlying claim; and (2) the ruling by the arbitrator that plaintiff had sufficiently alleged, in his first amended complaint, that he was entitled to the lost attorney fees as a form of economic damages.

We review a trial court's judgment affirming or reversing an arbitrator's determination of a party's claim for attorney fees for legal error. *Capital One Bank v. Fort*, 242 Or App 166, 170, 255 P3d 508 (2011); *Great Seneca Financial Corp. v. Lisher*, 223 Or App 496, 500, 196 P3d 86 (2008). In this case, the trial court determined that plaintiff could recover, as damages in his malpractice claim, the lost attorney fees on his underlying claim, but that plaintiff had failed in proving those damages in his case-in-chief. In addition, the trial court specifically determined that there was no legal basis for an award of attorney fees on the malpractice claim itself.

Assuming without deciding that plaintiff was entitled to recover his lost attorney fees *as damages* in his malpractice claim, it is axiomatic that plaintiff was required to present sufficient proof of those damages in his case-in-chief. *See Parker v. Harris Pine Mills, Inc.*, 206 Or 187, 197, 291 P2d 709 (1955) ("In every case actual damages sustained must be established by evidence upon which their existence and amount may be determined with reasonable certainty."); *Ridenour v. Lewis*, 121 Or App 416, 419, 854 P2d 1005, *rev den*, 317 Or 583 (1993) (to overcome a defendant's motion for directed verdict in a legal malpractice case, a plaintiff must present some evidence of the value of the judgment the plaintiff lost as a result of the defendant's negligence). Here, a number of avenues were available to plaintiff to prove the value of those damages; for example, plaintiff could have offered evidence of his fee agreement with the lawyer defendants or presented the testimony of expert witnesses. In so doing, plaintiff would have been proving the value of the putative lost judgment, not the measure of the fees incurred in prosecuting the case within the case. Although the fees plaintiff actually incurred may be a reasonable proxy for the lost attorney fees, that possibility did not entitle plaintiff to determine the amount of his *damages* by a post-hearing procedure.[4]

---

[4] Although the Oregon Rules of Civil Procedure do not apply to court-annexed arbitration proceedings, except where specifically incorporated into the Uniform Trial Court Rules, *see* UTCR 13.040(2) ("Until a case is assigned to the arbitrator, Oregon Rules of Civil Procedure apply. After a case is assigned to an arbitrator, these arbitration rules apply except where an arbitration rule states that a Rule of

In addition, to the extent plaintiff argues that the trial court erred in determining that there was no legal basis for an award of *attorney fees* on his malpractice claim, we disagree. As the arbitrator noted below, "In Oregon, the general rule is that the prevailing party in a legal proceeding is not entitled to an award of attorney fees unless the award is authorized by statute or a specific contractual provision." *Domingo*, 325 Or at 388 (citation omitted). Plaintiff's malpractice claim is a negligence claim. *See Becker v. Port Dock Four, Inc.*, 90 Or App 384, 390, 752 P2d 1235 (1988) ("Legal malpractice *is* a form of negligence." (Emphasis in original.)). Plaintiff has identified no contractual provision that entitles him to an award of fees on that claim. The only statutory provisions identified by plaintiff authorize fees on claims brought by employees against their employers under state and federal wage and hour laws. *See* ORS 653.055(4); 29 USC § 216(b). Those provisions do not authorize fees on claims brought by clients against their former attorneys in tort. Plaintiff has not identified any other legal basis for an award of fees on his malpractice claim, nor does our research disclose any such authorization.[5] The trial court did not err in affirming the arbitrator's denial of attorney fees on plaintiff's malpractice claim.[6]

Affirmed.

---

Civil Procedure applies."), a post-hearing procedure to determine attorney fees and costs is contemplated by UTCR 13.210(5) ("Within 7 days after the conclusion of the arbitration hearing, the arbitrator shall send the award to the parties without filing with the court and shall establish procedures for determining attorney fees and costs.").

[5] We note that ORS 20.080 generally allows attorney fees in certain low-value tort cases. That statute, however, is inapplicable in this case, where the amount pleaded exceeds that statutory cap. Over the years, the legislature has raised the statutory cap in increments; it is currently set at $7,500. *See Carrillo v. City of Stanfield*, 241 Or App 151, 158, 255 P3d 491 (2011) (explaining that, to obtain attorney fees in a tort case under ORS 20.080, the total, aggregated amount demanded in the original pleading must be less than the statutory cap).

[6] In light of that conclusion, we do not address the arguments raised by the lawyer defendants in their cross-assignments of error.