Argued and submitted February 21; supplemental judgment reversed in part and remanded, otherwise affirmed March 22, 2023

Christopher HOOVER,
*Plaintiff-Appellant,*

*v.*

INDUSTRIAL SCRAP CORPORATION
and Alan Mayer,
*Defendants-Respondents.*

Lane County Circuit Court
19CV45731; A176742

527 P3d 1076

Plaintiff appeals from a supplemental judgment awarding him costs and attorney fees, assigning error to the trial court's award of a fee that is less than the amount requested and to the denial of an enhanced prevailing party fee. *Held*: The Court of Appeals held that the trial court did not abuse its discretion in rejecting plaintiff's request for an enhanced prevailing party fee. However, the Court of Appeals concluded that the record was insufficient to allow review of the amount of the trial court's attorney fee award. Despite the trial court's explanation that the case was not difficult or complicated, the trial court did not conclude that the time plaintiff's counsel spent on the case was unreasonable or not commensurate with the difficulty of the case. The Court of Appeals determined that it was not possible to determine on the record whether or why the considerations identified by the trial court required an award that was such a drastic reduction from the amount requested.

Supplemental judgment reversed in part and remanded for reconsideration; otherwise affirmed.

R. Curtis Conover, Judge.

Michael Owens argued the cause for appellant. Also on the briefs was Meyer Stephenson.

Dominic Paris and London & Paris, LLP, filed the brief for respondents.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Supplemental judgment reversed in part and remanded; otherwise affirmed.

**EGAN, J.**

Plaintiff appeals from a supplemental judgment awarding him costs and attorney fees, assigning error to the trial court's award of a fee that is less than the amount requested and to the denial of an enhanced prevailing party fee. We conclude that the trial court did not abuse its discretion in rejecting the enhanced prevailing party fee but that the record is insufficient to allow us to review the trial court's attorney fee award; we therefore reverse the supplemental judgment in part and remand for reconsideration.

The relevant facts are primarily procedural and largely undisputed. Plaintiff was employed by defendant Industrial Scrap Corporation (ISC) through Manpower Temporary Services, and reported to ISC's owner and manager, defendant Alan Mayer. Plaintiff started employment with ISC in 2011 and left his employment in 2017 under disputed circumstances.

In 2018, plaintiff filed discrimination claims against both ISC and Mayer with the Civil Rights Division of the Bureau of Labor and Industries (BOLI), alleging that, after a work injury, Mayer had threated plaintiff that he would be terminated if he filed a workers' compensation claim, and that he was then terminated for being injured. During the BOLI investigation, defendant Mayer disputed plaintiff's version of the circumstances and contended, alternatively, that he knew nothing about a workers' compensation claim or that he knew about the claim but thought that it was fraudulent, but that plaintiff had quit before a claim was ever filed. After investigation, BOLI issued a notice determining that there was substantial evidence that defendant ISC had terminated plaintiff's employment based on his invocation of the workers' compensation system, in violation of ORS 659A.040(l), and that defendant Mayer had "aided and abetted" that misconduct, in violation of ORS 659A.030(1)(g).

In October 2019, plaintiff filed the underlying action, seeking damages of $300,000 plus punitive damages, arising out of plaintiff's alleged termination in retaliation for having filed a workers' compensation claim. Plaintiff filed an amended complaint in February 2020, which defendants answered. The parties entered into negotiations. After

a settlement conference failed, defendants made several offers of judgment that plaintiff rejected. In October 2020, defendants made an offer of judgment of $10,000, exclusive of costs, disbursements, and attorney fees to be awarded pursuant to ORCP 68,[1] which plaintiff accepted. The court entered a stipulated general judgment awarding plaintiff $10,000 and providing for an award of attorney fees to be determined pursuant to ORCP 68.

Plaintiff then filed a petition for attorney fees and costs, requesting $28,457.50 in attorney fees, $997.66 in costs and disbursements, and an enhanced prevailing party fee of $5,345.00 under ORS 20.190(3). Plaintiff subsequently sought an additional $7,410.00 in attorney fees for fees incurred post-judgment in pursuing his claim for attorney fees. Defendants challenged the reasonableness of the requested fees.

The trial court awarded fees of $7,000 and rejected the request for an enhanced prevailing party fee. Plaintiff appeals from the supplemental judgment awarding fees, raising three assignments of error, challenging the trial court's attorney fee award, and its rejection of the enhanced prevailing party fee.

In determining the award of attorney fees, the trial court worked though the factors set forth in ORS 20.075(1) and (2).[2] The court made findings that most of the factors

---

[1] The offer of judgment stated:

"Pursuant to ORCP 54 E, defendants hereby offer to allow judgment for the sum of $10,000.00 to be given against defendants and in favor of plaintiff, exclusive of costs, disbursements and attorney fees, which may be determined pursuant to ORCP 68 and ORCP 54 E."

Attorney fees were potentially available on one of plaintiff's statutory discrimination claims pursuant to ORS 659A.885.

[2] The award of attorney fees is subject to ORS 20.075, which provides:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

listed in ORS 20.075(1) were "neutral," but that plaintiff's claims, as well as his pursuit of settlement, were objectively reasonable. The court concluded that plaintiff had prevailed and that an award of fees was appropriate. Then, in determining the amount of the award, the court considered the factors listed in both ORS 20.075(1) and (2), in light of the

---

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case.

"(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

"(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

"(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

"(c) The fee customarily charged in the locality for similar legal services.

"(d) The amount involved in the controversy and the results obtained.

"(e) The time limitations imposed by the client or the circumstances of the case.

"(f) The nature and length of the attorney's professional relationship with the client.

"(g) The experience, reputation and ability of the attorney performing the services.

"(h) Whether the fee of the attorney is fixed or contingent.

"(i) Whether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice.

"(3) In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion.

"(4) Nothing in this section authorizes the award of an attorney fee in excess of a reasonable attorney fee."

scope of the litigation. In awarding $7,000, the court noted the recovery of $10,000 in contrast with the alleged damages of $300,000 and potential punitive damages, *see* ORS 20.075(2)(d) (providing for consideration of "the amount involved in the controversy and the results obtained"). The court also noted the litigation's lack of complexity and its short duration.[3] *See* ORS 20.075(2)(a) (providing that, in considering the amount of the fee, the court considers "[t]he time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding").

In his first assignment, plaintiff contends that the trial court's award, which was significantly less than the amount requested, constitutes an abuse of discretion, because the court erred in not "providing any viable reason," for awarding less than the amount requested and also erred in disregarding plaintiff's "uncontested" evidence as to the reasonableness of the fee request, which consisted of plaintiff's counsel's affidavits of the time spent and the affidavits of two attorney experts. Plaintiff contends that the trial court's determination was inconsistent with those "facts" and that the trial court erred in "substitut[ing] its own opinion for the appropriate amount of attorney time on the case, despite plaintiff submitting the uncontested testimony of two expert witnesses that the amount sought was reasonable."

We reject the implication of plaintiff's argument that the trial court was bound to make an award of fees consistent with the evidence presented by plaintiff; the court could independently evaluate the attorney fee petition under the factors set forth in ORS 20.075 to determine a reasonable fee. We review the court's fee award for less than the

---

[3] The court explained:

"The court has considered each of the enumerated factors. After reviewing the submissions of the parties, this was not a difficult or complicated case, irrespective of the plaintiff's statutory basis for the attorney fee claims. Investigation and discovery of the pertinent facts did not require extensive or complicated efforts. The plaintiff accepted the defendants' offer of judgment even prior to his deposition. The BOLI investigation comprised of a review of some a documents and records, interviews of the plaintiff and defendant and resulted in a brief five-page report. After considering all of these factors I find that the sum of $7,000 is a reasonable award of fees for this particular case."

amount requested for an abuse of discretion and will affirm the court so long as there is "a rational nexus between the factor invoked, and its underlying circumstances, and the amount of the reduction." *Grisby v. Progressive Preferred Ins. Co.*, 233 Or App 210, 222, 225 P3d 101 (2010).

Here, as the basis for its award of less than the amount requested, the court said that the case was not "difficult or complicated" and that the "[i]nvestigation and discovery of the pertinent facts did not require extensive or complicated efforts." The court also noted that plaintiff's recovery was considerably lower than the alleged damages. Those are valid considerations. But, despite the determination that the case was not difficult or complicated, the court did not conclude that the time plaintiff's counsel spent on the case was unreasonable or not commensurate with the difficulty of the case. On this record, we cannot determine whether or why the considerations identified by the trial court required an award that was such a drastic reduction from the fee requested. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998) (stating that adequate findings are those that "describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review"). Because we are unable to review the basis for the trial court's fee award, we remand the case for reconsideration.

In his second assignment, plaintiff contends that the trial court committed a "violation of clearly established law" in rejecting plaintiff's additional request for an award of fees for post-judgment briefing of the attorney fee issue, because attorney fees are generally authorized for preparation of a fee petition. *See Crandon Capital Partners v. Shelk*, 219 Or App 16, 42, 181 P3d 773, *rev den*, 345 Or 158 (2008) (noting "longstanding precedent in Oregon that a party may recover its attorney fees incurred as part of the fee application and litigation process"). Like the award of fees for pre-judgment services, the award of fees for work post-judgment was also within the trial court's discretion. *See Anderson v. Sullivan*, 311 Or App 406, 414, 492 P3d 118 (2020), *rev den*, 368 Or 702 (2021) (describing court's discretionary authority). Although it is clear that the trial court

was aware of plaintiff's request for fees for post-judgment legal services, in setting the amount of the attorney fee award, the court did not segregate its analysis or make a separate ruling with respect to the requested post-judgment attorney fees; nor did it need to do so. We agree with defendants that no separate analysis was required. On remand, the court will have an opportunity to consider whether plaintiff's attorney fees should include fees for services performed post-judgment.

As noted, plaintiff sought an enhanced prevailing party fee under ORS 20.190(3).[4] The trial court rejected that request, explaining:

> "The analysis under this subsection mirrors the analysis the court must engage in to determine whether to award attorney fees to a prevailing party. Relying on my earlier analysis of these factors above, I do not believe that an enhanced prevailing party fee is warranted. After considering the factors, they do not weigh heavily in either party's favor and have a neutral net outcome. Therefore, the court declines to award an enhanced prevailing party fee."

---

[4] ORS 20.190(3) provides:

"In addition to the amounts provided for in subsection (2) of this section, in any civil action or proceeding in a circuit court in which recovery of money or damages is sought, the court may award to the prevailing party up to an additional $5,000 as a prevailing party fee. The court shall consider the following factors in making an award under the provisions of this subsection:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) Any award of attorney fees made to the prevailing party as part of the judgment.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

In his third assignment, plaintiff contends that the trial court erred in declining to award an enhanced prevailing party fee under ORS 20.190. We review the trial court's determination for an abuse of discretion, *Shumake v. Foshee*, 197 Or App 255, 260-61, 105 P3d 919 (2005) (so stating) and conclude that there was no abuse of discretion in declining to award an enhanced prevailing party fee.

Supplemental judgment reversed in part and remanded; otherwise affirmed.