*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

October 25, 2022, vacated and remanded June 22, 2023

Myron MEYER,
an individual,
*Plaintiff-Appellant,*

*v.*

CLOUDCREST HOMES, LLC,
a domestic limited liability company,
abn Montevista Homes,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV16483; A175910

Robert W. Collins, Jr., Judge.

David A. Schuck argued the cause for appellant. Also on the briefs were Stephanie J. Brown and Schuck Law, LLC.

Stephanie C. Kucera argued the cause for respondent. Also on the brief was Hart Wagner LLP.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Vacated and remanded.

**PAGÁN, J.**

In this civil appeal, plaintiff contests the trial court's decision to enter a judgment affirming an arbitrator's award of $3,000 in attorney fees. Plaintiff had sought more than $33,000 in attorney fees incurred to prosecute a wage and hour claim. Based on that ninety percent reduction in requested attorney fees, and the arbitrator's failure to explain in sufficient detail which of the ORS 20.075(2) factors he relied upon to conclude that $3,000 qualified as "a reasonable sum" under ORS 652.200(2), we conclude that the trial court erred in affirming the arbitrator's award. We therefore vacate the judgment awarding attorney fees and remand for the trial court to award plaintiff a reasonable sum for attorney fees.

Plaintiff was employed by defendant beginning in January 2020, and he was paid $20 per hour. Plaintiff was terminated on March 18, 2020. He received a paycheck on March 20, but it did not include wages for plaintiff's last three days of work and accrued paid time off, totaling $673.90. Seeking his final paycheck, plaintiff texted his former manager on March 18 and again on March 23. The manager responded on March 23 and claimed that plaintiff had been paid all wages owed.

Also on March 23, plaintiff contacted Shuck Law, LLC, and he retained the law firm on April 1. On April 21, more than 30 days after plaintiff's final payment was due, plaintiff's attorney sent a notice to defendant, demanding $673.90 in unpaid wages, $4,800 in penalty wages pursuant to ORS 652.150(1),[1] and attorney fees and costs. Plaintiff filed the instant action on April 28, and it was referred to mandatory arbitration under ORS 36.400.

---

[1] ORS 652.150(1) provides, in part:

"if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, *** then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced."

However, "[i]n no case shall the penalty wages or compensation continue for more than 30 days from the due date." ORS 652.150(1)(a).

On May 6, 2020, plaintiff offered to settle for $9,288.90, which consisted of $673.90 for unpaid wages, $4,800.00 for penalty wages, $3,300.00 for attorney fees, and $515.00 for costs. On May 8, defendant sent a check for $673.90 to plaintiff's attorney, but it was conditioned on plaintiff waiving "any right to assert a claim for additional amounts." Plaintiff returned the check, believing defendant violated ORS 652.160, which requires an employer to "pay, without condition, * * * all wages conceded by the employer to be due." On May 15, defendant attempted to make the same payment but without condition. Plaintiff's attorney rejected that check as well, believing that plaintiff was, at that point, entitled to penalty wages that were not reflected in defendant's offer. In June 2020, defendant filed an answer to the complaint and sought discovery. Around the same time, defendant made an ORCP 54 E offer of judgment for $1,347.80, which was two times the unpaid wages, with fees to be decided by the arbitrator. Plaintiff did not accept it. The parties made various other offers and counteroffers to settle, but they did not resolve the case.

Plaintiff filed two motions for partial summary award. In October 2020, the arbitrator granted plaintiff's motions. First, the arbitrator found that defendant failed to pay plaintiff $673.90 in unpaid wages on March 19, 2020, the day after plaintiff's last day of employment, as required under ORS 652.140(1). Second, addressing defendant's affirmative defense under ORS 653.150(2)(a), which reduces the penalty amount "unless the employer fails to pay the full amount of the employee's unpaid wages * * * within 12 days after receiving the notice," the arbitrator found that defendant did not pay the wages due within 12 days of plaintiff's April 21, 2020, notice of nonpayment.

In its order, the arbitrator stated that he was sympathetic to defendant when considering the circumstances, and that plaintiff could have sent one more text message in March 2020 that could have cleared up the confusion about plaintiff's final paycheck, but those considerations did not affect the arbitrator's rulings regarding plaintiff's motions for partial summary award. After those rulings, the parties settled the wage claims for $3,800, but they did not reach agreement on attorney fees or costs.

Before the arbitrator, plaintiff sought $33,020 in attorney fees and $915 in costs. In his award, the arbitrator decided two issues. First, the arbitrator determined that plaintiff gave notice of the wage claim on April 21, 2020, as required for an award of attorney fees under ORS 652.200(2).[2] Second, in determining a reasonable amount of fees, the arbitrator considered some of the ORS 20.075 factors,[3] and awarded plaintiff $3,000 in attorney fees.

In the trial court, plaintiff filed written exceptions to the arbitrator's attorney fee award. Plaintiff argued that the arbitrator misapplied the ORS 20.075 factors and ignored the legislative purposes of ORS 652.200(2), and that a consideration of the ORS 20.075 factors supported his request for $33,020 in attorney fees. Defendant opposed the written exceptions and plaintiff filed a reply. The trial court failed to rule on the exceptions, and, as a result, the arbitrator's award was affirmed by operation of law. *See* ORS 36.425(6) ("If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed."). The trial court entered a general judgment awarding plaintiff $3,000 in attorney fees and $915 in costs. Plaintiff appeals.

When a party files "written exceptions directed solely to the award or denial of attorney fees or costs," ORS 36.425(6), the party may appeal the judgment for the purpose of challenging the attorney fee disposition. *Deacon v. Gilbert*, 164 Or App 724, 726, 995 P2d 557 (2000). If the trial court fails to enter a decision on the exceptions, they

---

[2] ORS 652.200(2) provides:

"In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours *** after the wages became due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action, unless it appears that the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action."

[3] The attorney fee issue was decided under a prior version of the statute. ORS 20.075 was amended by Oregon Laws 2021, chapter 325, section 1, in ways that are not material to our analysis. For convenience, we refer to the present version of the statute.

are "deemed denied." *Id.* at 730. We review a trial court's judgment affirming an arbitrator's determination of attorney fees and costs for errors of law. *Rivera-Martinez v. Vu*, 245 Or App 422, 428, 263 P3d 1078, *rev den*, 351 Or 318 (2011).

ORS 652.200(2) provides that an employee who succeeds in an action to recover unpaid wages is entitled to "a reasonable sum for attorney fees." When determining a reasonable sum under ORS 652.200(2), courts consider the factors set forth in ORS 20.075. *Mathis v. St. Helens Auto Ctr., Inc.*, 367 Or 437, 447, 478 P3d 946 (2020). As explained by the Supreme Court,

> "relevant context * * * includes ORS 20.075, which specifies numerous factors that a court 'shall consider' in determining the amount of fees to award when a statute or contract provides for mandatory fees, particularly including the 'objective reasonableness' and 'diligence of the parties in pursuing settlement of the dispute' and 'the results obtained.' ORS 20.075(1)(f), (2)(d)[.] * * * Under ORS 20.075, if an employee has persisted in an action to collect wages, despite the employer's offer to pay a reasonable estimate of wages due, that is always a factor that the court must consider when determining a 'reasonable sum' of attorney fees under ORS 652.200(2). And if the employer honors its obligation under ORS 652.160 to pay the amount that it concedes to be due, yet the employee continues the litigation without obtaining a better result, then that lack of success is yet another factor that the court must consider when determining the 'reasonable sum' of attorney fees."

*Id.*

Here, the arbitrator recognized that plaintiff was entitled to fees under ORS 652.200(2). However, when determining the amount of fees, the arbitrator drastically reduced fees from the requested $33,020 to $3,000, based primarily on a finding that plaintiff's counsel should have provided defendant "more opportunity to pay the unpaid wages before investing significant time working up [p]laintiff's case." The arbitrator also focused on what he perceived as defendant's mistake and defendant's willingness to correct it. But what is missing from the arbitrator's award is any specific discussion or analysis explaining how he arrived at the figure of

only $3,000 when determining a reasonable sum for plaintiff's attorney fees.

Certainly, the arbitrator had discretion to conclude that a reasonable sum for attorney fees should be less than the amount sought by plaintiff. Like in *Mathis*, 367 Or at 447, the arbitrator focused on "[t]he objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute," ORS 20.075(1)(f), and "[t]he amount involved in the controversy and the results obtained," ORS 20.075(2)(d).

Nevertheless, what is missing is an explanation of how the arbitrator arrived at the figure of $3,000 as a reasonable amount. *Cf. Heathman Hotel v. McCormick & Schmick Restaurant*, 284 Or App 112, 124, 391 P3d 892 (2017) ("The trial court looked closely at the billing rates, hours, and total amount requested. The record shows that the trial court spent time carefully weighing the amount of the requested attorney fees."). For example, the arbitrator never discussed whether the questions raised by the motions were novel or difficult such that addressing them required time, labor, and skill. *See* ORS 20.075(2)(a). Likewise, the arbitrator never discussed what a reasonable amount of time was to spend on the legal work necessary to encourage settlement, such as the motions and pleadings. *See* ORS 20.075(1)(e), (2)(a). In addition, the arbitrator never discussed whether the hourly rates of plaintiff's counsel were in line with those customarily charged in the locality, and whether plaintiff's counsel was experienced in handling such matters. *See* ORS 20.075(2)(c), (g). Perhaps most importantly, the arbitrator never discussed why the amount of fees sought was itself unreasonable, and why the amount of fees it ultimately awarded was.

We do not suggest that the arbitrator was *required* to discuss every ORS 20.075(2) factor; however, we do require that a court explain "the effect of each of the factors on which they rely in *setting* fees." *Northwest Pump & Equipment Co. v. Stach*, 167 Or App 64, 70, 1 P3d 466 (2000) (emphasis added); *see also Moreau v. Samalin*, 295 Or App 534, 538, 435 P3d 794 (2019) ("[W]e may not know what factors a court has considered unless it tells us."). Reducing a

requested fee by about ninety percent using factors that are most often associated with whether fees should be awarded at all, and not referencing the factors addressing the reasonableness of the amount of fees sought, leads us to conclude that, in this case, the arbitrator failed to discuss the ORS 20.075(2) factors in sufficient detail to permit meaningful review of his determination that $3,000 constituted "a reasonable sum for attorney fees" under ORS 652.200(2). *See Hoover v. Industrial Scrap Corp.*, 324 Or App 666, 671, 527 P3d 1076 (2023) ("On this record, we cannot determine whether or why the considerations identified by the [arbitrator] *** required an award that was such a drastic reduction from the fee requested."). As a result, the trial court erred when it denied plaintiff's written exceptions to the attorney fee award.

"[V]acating and remanding to the trial court is generally the appropriate disposition when a discretionary attorney fee award is not susceptible to meaningful appellate review due to a lack of explanation or findings." *Moreau*, 295 Or App at 540-41. Accordingly, we vacate the judgment awarding $3,000 in attorney fees to plaintiff, and we remand for the trial court to determine and award plaintiff a reasonable sum for attorney fees pursuant to ORS 652.200(2).

Vacated and remanded.