On respondents' petition for reconsideration filed April 17, appellant's response to petition for reconsideration filed May 8, and respondents' reply to appellant's response to petition for reconsideration filed May 17; reconsideration allowed, disposition (324 Or App 666, 527 P3d 1076) modified, supplemental judgment vacated and remanded, otherwise affirmed July 6; petition for review denied October 5, 2023 (371 Or 476)

Christopher HOOVER,
*Plaintiff-Appellant,*

*v.*

INDUSTRIAL SCRAP CORPORATION
and Alan Mayer,
*Defendants-Respondents.*

Lane County Circuit Court
19CV45731; A176742

533 P3d 390

In a petition for reconsideration of an opinion reversing and remanding a supplemental judgment for reconsideration of plaintiff's petition for attorney fees, defendant contended that it is the prevailing party on appeal, because, although the case is remanded for reconsideration of the attorney fee award to plaintiff, the Court of Appeals rejected several of plaintiff's assignments of error. Defendant asked the court to designate it as the prevailing party, remove the award of costs, and simply remand the supplemental judgment without reversal. *Held*: Although plaintiff did not prevail on all of his assignments of error and may not obtain an increased award of attorney fees on remand, currently, the Court of Appeals adhered to its disposition that plaintiff is the prevailing party on his assignment of error relating to attorney fees and is entitled to costs. However, because it is possible that the trial court will enter the same attorney fee award on remand, the Court of Appeals modified the disposition to show that the supplemental judgment is vacated rather than reversed.

Reconsideration allowed; disposition modified; supplemental judgment vacated and remanded; otherwise affirmed.

R. Curtis Conover, Judge.

Charles W. Woodward, IV, and London & Paris, LLP, for petition.

Michael Owens, Robert Meyer, and Meyer Employment Law, for response.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Reconsideration allowed; disposition modified; supplemental judgment vacated and remanded; otherwise affirmed.

**EGAN, J.**

Plaintiff appealed from a supplemental judgment awarding him costs and attorney fees, assigning error to the trial court's award of a fee that was significantly less than the amount requested and to the denial of an enhanced prevailing party fee. We concluded that the trial court did not abuse its discretion in rejecting the enhanced prevailing party fee but that the record was insufficient to allow us to review the trial court's significant reduction of the requested attorney fee. We therefore reversed the supplemental judgment in part and remanded the supplemental judgment for reconsideration. *Hoover v. Industrial Scrap Corp.*, 324 Or App 666, 527 P3d 1076 (2023). We designated plaintiff as the prevailing party and awarded plaintiff his costs on appeal.

Defendant has filed a petition for reconsideration, contending that it is the prevailing party, because, although the case is remanded for reconsideration of the attorney fee award, we rejected several of plaintiff's assignments of error. Defendant contends that our opinion did not substantially modify the judgment below and asks that we designate it as the prevailing party, remove the award of costs, and simply remand the supplemental judgment, without reversal.

We reject defendant's contentions. It is correct that plaintiff did not prevail on all of his assignments of error. And it may be that on remand, the trial court will more fully explain why it so significantly reduced plaintiff's fee request and that the attorney fee award will be unchanged. But as plaintiff correctly points out, a party need not prevail on all assignments of error in order to be a prevailing party. And, although plaintiff may not ultimately recover more attorney fees, currently, plaintiff is the prevailing party on his assignment of error relating to attorney fees and is entitled to costs.

However, because it is possible that the trial court will enter the same attorney fee award on remand, we modify the disposition to show that the supplemental judgment is vacated rather than reversed. *See Moreau v. Samalin*, 295 Or App 534, 543, 435 P3d 794 (2019) (vacating and

remanding supplemental judgment containing attorney fee award where trial court provided insufficient explanation).

Reconsideration allowed; disposition modified; supplemental judgment vacated and remanded; otherwise affirmed.